In the Matter of Proving the Last Will and Testament of JACOB STEGNER, Deceased.

ANNIE STEGNER, Contestant, Appellant; LOUIS STEGNER, as Executor, etc., of JACOB STEGNER, Deceased, Proponent, Respondent.

Second Department, February 11, 1938.

*James Scovell*, for the appellant.

*James N. Gehrig*, for the respondent and for George A. Gibson, special guardian.

TAYLOR, J.   The testator's widow, with whom he had lived for about twenty-eight years, interposed objections to the probate of his alleged last will and testament.   The issues thereby raised were tried before the surrogate and a jury.   The surrogate directed the jury to find a general verdict admitting the will to probate. From a decree entered upon that verdict, duly returned, the widow, contestant, appeals.   The alleged will bequeathed to her the sum of one hundred dollars only, in lieu of dower and thirds in all of decedent's property.   It bore date October 18, 1923, about fourteen years before the decedent's death.   The residuary estate was the subject of the following provisions:

" *Third.*   All the rest, residue and remainder of my property, both real and personal and wheresoever the same may be situated, I direct my executor to divide into nine equal shares or portions, and to dispose of the same as follows:

" One equal share or portion to each of my eight children, Lena Barth, Jacob Stegner, Henry Stegner, George Stegner, William Stegner, Louise Coskie, Philip Stegner and Louis Stegner.

" The remaining equal share or portion I give to my executor hereinafter named, in trust, nevertheless, to hold and invest the same and keep the same invested, and to pay the income derived therefrom unto my four grandchildren, children of my deceased daughter, Annie Krieger, namely, Bertha Sexton, Greta Krieger, Annie Krieger and Amelia Krieger, during their minority and, upon the arrival of my said grandchildren at the age of twenty-one years, respectively, to pay over to each her share of the principal in said ninth portion or share of my estate."

The subscribing witnesses predeceased the testator.

The proofs disclosed in the record were insufficient to warrant the direction of the verdict or the entry of the decree.   On the part of the proponent they consisted only of proof of the authenticity of the signatures of the testator and of the subscribing witnesses,

respectively. There was no proof of such other circumstances, contemplated by section 142 of the Surrogate's Court Act, as would be sufficient to prove the will upon the trial of an action. The contestant offered evidence to the effect that the deceased was to a degree illiterate, had peculiar mental tendencies and at the time of the making of the will, which disposed of an estate valued at $95,000, and at other times prior thereto, had acted irrationally.

The burden of proof was upon the proponent to satisfy the surrogate as to the genuineness of the will, the validity of its execution, the testamentary capacity of the decedent, and his understanding of the purported will. (*Delafield* v. *Parish*, 25 N. Y. 9, 29, 34; *Matter of Lamerdin*, 250 App. Div. 133.) That burden was not sustained. Upon the evidence in this record, the direction of a verdict in favor of the proponent was error as matter of law. The evidence was wholly insufficient to satisfy the conscience of the court that the proposed paper writing was in fact the will of the decedent.

The decree should be reversed on the law and the matter remitted to the Surrogate's Court for a new trial upon the objections, with costs to the appellant, and to the respondent and the special guardian jointly, payable out of the estate.

HAGARTY and DAVIS, JJ., concur; CARSWELL and JOHNSTON, JJ., dissent and vote to affirm with memorandum.

CARSWELL and JOHNSTON, JJ. (dissenting). We dissent and vote to affirm, on authority of *Matter of Sizer* (129 App. Div. 7; affd., 195 N. Y. 528) and *Matter of Abel* (136 App. Div. 788), and on the further ground that the testimony adduced by the contestant, so far as credited, considered in connection with the presumptions arising from the attestation clause, adequately justified the surrogate's determination that he was satisfied with the genuineness of the will, the validity of its execution, decedent's understanding of the will, and the testamentary capacity of the decedent.

Decree admitting will to probate reversed on the law and the matter remitted to the Surrogate's Court of Nassau county for a new trial upon the objections, with costs to the appellant, and to the respondent and the special guardian jointly, payable out of the estate.