■ In the Matter of the Estate of JAMES F. CONNELLY, Deceased. WALTER J. LARKIN III, Appellant; CARLO QUATRARO, Respondent. [597 NYS2d 427] —In a discovery proceeding, the petitioner appeals from an order of the Surrogate's Court, Queens County (Laurino, S.), dated June 19, 1990, which, after a hearing, ordered the proceeds of a certificate of deposit to be delivered to the respondent and dismissed the proceeding. The notice of appeal from a decision dated May 22, 1990, is deemed to be a premature notice of appeal from the order *(see,* CPLR 5520 [c]).

Ordered that the order is reversed, on the law, with costs payable by the respondent personally, the petition is granted, and the proceeds of the certificate of deposit are to be delivered to the decedent's estate.

We find that the Surrogate's Court erred in placing the burden of proving undue influence upon the petitioner. Normally, the burden of proving undue influence rests with the party asserting its existence *(see, Allen v La Vaud,* 213 NY

322). However, if a confidential relationship exists, the burden is shifted to the beneficiary of the transaction to prove the transaction fair and free from undue influence *(see, Matter of Gordon v Bialystoker Ctr. & Bikur Cholim,* 45 NY2d 692, 699; *Cowee v Cornell,* 75 NY 91, 99-100; *McClellan v Grant,* 83 App Div 599, 602, *affd* 181 NY 581). Here, the respondent beneficiary's relationship with the decedent, coupled with the 85-year-old decedent's condition after he suffered a stroke only months before execution of the certificate of deposit account, rendering him housebound and dependent upon the respondent for grocery shopping and banking, shifted the burden of proof to the respondent *(see, Ten Eyck v Whitbeck,* 156 NY 341, 353; *Barnard v Gantz,* 140 NY 249, 257; *Marx v McGlynn,* 88 NY 357, 370-371; *McClellan v Grant,* 83 App Div 599, 602, *supra).* The respondent failed to establish by clear evidence *(see, Matter of Gordon v Bialystoker Ctr. & Bikur Cholim, supra; Matter of McMurdo,* 56 AD2d 602) the integrity and fairness of the creation of the certificate of deposit. The record reflects that, except for the signature line, the respondent filled out the certificate of deposit application completely, including the decedent's name, and filled in the information necessary to create a *Totten* trust interest in his own behalf. However, the record is devoid of the circumstances surrounding the delivery of the certificate of deposit application to the bank and the respondent's possession of the certificate of deposit receipt. Therefore, the respondent failed to sustain his burden. The certificate of deposit should be set aside and the proceeds delivered to the estate. Sullivan, J. P., Lawrence, Eiber and Santucci, JJ., concur.