■ JML Investors Corp., Appellant, v Norvelle Hilton, Defendant, and George Kubic, Respondent. [647 NYS2d 244] —In an action to foreclose a mortgage upon real property, the plaintiff appeals from two orders of the Surrogate's Court, Queens County (Nahman, S.), both dated June 1, 1995, which, *inter alia,* denied the separate motions of the plaintiff and the defendant Norvelle Hilton to disaffirm the report of a Special Referee, recommending that a deed dated October 24, 1990, be set aside, and declared the deed to be null and void.

Ordered that the orders are affirmed, with costs.

In 1990, the decedent, Paul Breitwieser, nearly 80 years old and unable to care for himself, signed a deed conveying his home to the defendant Norvelle Hilton, a home health aide. The consideration recited was one dollar. Hilton thereafter obtained a loan secured by a mortgage on the property, which was later assigned to the plaintiff JML Investors Corp. (hereinafter JML). The decedent died on December 21, 1991.

On or about August 15, 1991, upon Hilton's default on the loan, JML commenced an action in Supreme Court, Queens County, to foreclose on the mortgage. In April 1992, JML moved for summary judgment in the foreclosure action, and, by order dated July 26, 1993, the Supreme Court, Queens County (Kassoff, J.), transferred the matter to the Surrogate's Court. The defendant George Kubic, the preliminary executor of the decedent's estate, moved for summary judgment in a separate action to impress a constructive trust. The Surrogate's Court appointed a Referee to hear and determine whether the decedent was competent to execute a deed.

In a report dated April 18, 1996, the Special Referee concluded that Hilton had a confidential relationship with the decedent, the decedent "had some impaired mental processes", and that Hilton failed to prove "the integrity and fairness of

this transaction". Accordingly, it was recommended that the deed be set aside.

The Surrogate's Court denied the motions by Hilton and JML to disaffirm the report and declared the deeds null and void.

JML does not contest that Hilton had a confidential relationship with the decedent. Thus, the burden was on either JML or Hilton to prove by clear and convincing evidence that the deed was not the product of undue influence (see, Matter of Gordon v Bialystoker Ctr. & Bikur Cholim, 45 NY2d 692; Matter of Connelly, 193 AD2d 602, 603). Here, this burden was not met. To the contrary, there was ample evidence that Breitwieser was not mentally competent at the time the transfer occurred and that the deed was the product of undue influence (see, Ortelere v Teacher's Retirement Bd., 25 NY2d 196; Smith v Comas, 173 AD2d 535).

The parties' remaining contentions are either academic, without merit, or unpreserved for appellate review. Rosenblatt, J. P., Ritter, Pizzuto and Hart, JJ., concur.