■ Pearl Peters, Respondent, v Raymond Nicotera, Defendant, and Dominick Nicotera, Appellant. [669 NYS2d 1000] —Judgment unanimously affirmed with costs. Memorandum: After a bench trial, Supreme Court declared null and void the deed transferring plaintiff's house to Dominick Nicotera (defendant) and the other documents executed by plaintiff. Plaintiff was 80 years old when her husband of 63 years died.

Approximately two weeks after the funeral of plaintiff's husband, defendant brought plaintiff to the office of an attorney she had never met. Plaintiff was not represented by counsel and testified at trial that she "just signed everything [defendant and his attorney] made me sign". According to plaintiff, she believed that defendant, her favorite nephew, would help her with the house expenses and repairs and she intended to transfer the house to him by will; in fact, the will she signed at the attorney's office devised the house to defendant. She testified that she was not feeling well the day they went to see the attorney and did not understand that the documents that were placed before her to sign included the deed to her house. According to plaintiff, the other documents she signed, a health care proxy, a power of attorney, and an agreement giving her life use of the house, were not explained to her by the attorney.

Plaintiff met her burden of establishing that there was a confidential relationship between defendant and herself (*see, Matter of Connelly*, 193 AD2d 602, 603, *lv denied* 82 NY2d 656). The burden, therefore, shifted to defendant to show affirmatively that the execution of the documents was not the product of undue influence or coercion (*see, Matter of Gordon v Bialystoker Ctr. & Bikur Cholim*, 45 NY2d 692, 698-699; *JML Investors Corp. v Hilton*, 231 AD2d 493). This defendant failed to do.

Giving due deference to the court's assessment of the evidence and the credibility of the witnesses (*see, Feiden v Feiden*, 151 AD2d 889, 891; *see also, Tursi v Perla*, 241 AD2d 518; *Cordts v State of New York*, 125 AD2d 746, 749-750), we conclude that the court's determination is fully supported by the weight of the evidence. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Declaratory Judgment.) Present—Green, J. P., Lawton, Hayes, Balio and Boehm, JJ.