■ In the Matter of the Estate of MARK NEUMAN, Deceased. LISA NEUMAN, Appellant; ERIC NEUMAN et al., Respondents; JACLYN NEUMAN, Respondent. [789 NYS2d 182]—

In a contested probate proceeding, the petitioner appeals from an order of the Surrogate's Court, Suffolk County (Braslow, S.), dated October 31, 2003, which denied her motion for summary judgment dismissing the objections to probate of the will of the decedent, to admit the will to probate, and to issue letters testamentary to her, without prejudice to renewal after the completion of discovery.

Ordered that the order is reversed, on the law, with costs payable by the objectants-respondents to the appellant personally, the motion is granted, the objections are dismissed, the decedent's will is admitted to probate, and the matter is remitted to the Surrogate's Court, Suffolk County, for the purpose of issuing letters testamentary to the petitioner.

The petitioner, the proponent of the subject will, established

her prima facie entitlement to judgment as a matter of law by submitting, inter alia, the instrument itself and the affidavits and testimony of the attesting witnesses demonstrating due execution and lack of undue influence (*see* EPTL 3-2.1; *see generally Matter of Collins,* 60 NY2d 466, 468 [1983]; *Matter of Coniglio,* 242 AD2d 901 [1997]; *Matter of Goldberg,* 180 AD2d 528, 529 [1992]). The objectants' speculative assertions to the contrary were insufficient to raise a triable issue of fact in opposition to the petitioner's motion for summary judgment (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Matter of Zimmerman,* 264 AD2d 850 [1999]; *Matter of Spangenberg,* 248 AD2d 543 [1998]). In this regard, the mere fact that the decedent allegedly joked to one of the attesting witnesses that his wife, the petitioner, had been "hounding" him to make a last will and testament, was insufficient to raise a genuine issue of fact as to undue influence (*see generally Matter of Kumstar,* 66 NY2d 691 [1985]; *Matter of Fiumara,* 47 NY2d 845 [1979]). Similarly, the objectants' claim that additional discovery was needed did not warrant the denial of summary judgment in this case (*see Keeley v Tracy,* 301 AD2d 502, 503 [2003]; *Kennerly v Campbell Chain Co., Campbell Chain Div. McGraw-Edison Co.,* 133 AD2d 669, 670 [1987]). Accordingly, the petitioner's motion should have been granted. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.