██ In the Matter of ELAINE J. PRIEVO, as Executrix of FRANK J. MATUSZ, Also Known as FRANCIS J. MATUSZ, Deceased, Respondent, v LUCIAN URBANIAK, Appellant. [882 NYS2d 796]—

Appeal from a decree of the Surrogate's Court, Oneida County (Charles C. Merrell, A.S.), entered July 3, 2008 in a proceeding pursuant to SCPA 2103. The decree, following a jury trial, directed that certain assets be turned over to petitioner.

It is hereby ordered that the decree so appealed from is unanimously reversed in the interest of justice without costs and a new trial is granted.

Memorandum: Respondent appeals from a decree of Surrogate's Court, directing that certain assets be turned over to petitioner. The decree was entered upon a jury verdict finding that the transfer of the assets to respondent by Frank J. Matusz (decedent) had been effected through undue influence. We reject the contention of respondent that the Surrogate erred in denying his motion to dismiss the petition at the close of proof (*see generally Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Petitioner presented evidence from which the jury could reasonably have found that respondent and decedent had a confidential relationship (*see Matter of Henderson*, 80 NY2d 388, 392 [1992]; *Matter of Moran* [appeal No. 2], 261 AD2d 936 [1999]), and that respondent exercised undue influence over decedent (*see Peters v Nicotera*, 248 AD2d 969 [1998]; *Matter of Antoinette*, 238 AD2d 762, 763-764 [1997]; *Spatz v Bajramoski*, 214 AD2d 436, 436-437 [1995]).

We agree with respondent, however, that the Surrogate erred in charging the jury that he had a confidential relationship with decedent as a matter of law (*see Matter of Brand*, 185 App Div 134, 139-142 [1918], *affd* 227 NY 630 [1919]; *see also Matter of Kaufmann*, 14 AD2d 411, 412-413 [1961]; *see generally Gaston v New York City Hous. Auth.*, 258 AD2d 220, 224 [1999]). When the issue of undue influence based upon a confidential relationship is raised, the initial burden is on the objectant, here, the petitioner, to make "the requisite threshold showing that a confidential relationship existed" (*Matter of Butta*, 3 AD3d 347 [2004]). In the event that the objectant makes that showing, "the burden is shifted to the beneficiary of the transaction to prove the transaction fair and free from undue influence" (*Matter of Connelly*, 193 AD2d 602, 603 [1993], *lv denied* 82 NY2d 656 [1993]). Here, there was conflicting evidence on the issue whether respondent and decedent had a confidential relationship, and the Surrogate thus erred in charging the jury that such a relationship existed as a matter of law. Although respondent did not object to the charge, we reverse the decree in the interest of justice and grant a new trial because the error in the charge was "so fundamental that it preclude[d] consideration of the central issue upon which the [proceeding was] founded" (*Breitung v Canzano*, 238 AD2d 901, 902 [1997]; *see also Clark v Interlaken Owners*, 2 AD3d 338, 340 [2003]). In light of our determination to grant a new trial, we note that respondent's remaining contentions with respect to evidentiary rulings made

by the Surrogate are without merit. Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.