■ MICHAEL BAZIGOS et al., Appellants, v KRYSTYNA KRUKAR, Respondent. [32 NYS3d 638]—

In an action, inter alia, to determine claims to certain real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Martin, J.), dated January 16, 2014, which granted the defendant's renewed motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The decedent, Nicholas M. Bazigos, died in November 2009 and was survived by three sons. Two of the decedent's sons, Michael Bazigos and William Bazigos (hereinafter together the plaintiffs), commenced this action, inter alia, to determine claims to real property, challenging, among other things, the validity of a living trust that the decedent created in 2008 and a deed that, in 2008, transferred title to the decedent's home in Brooklyn (hereinafter the premises) from the decedent to the trust. The trust named as beneficiaries Krystyna Krukar (hereinafter the defendant) and her husband, who predeceased the decedent.

The defendant had served as the live-in caregiver for the decedent's late wife from 1990 until 2005. In 2004, when the decedent was diagnosed with lymphoma, the defendant also provided him with care and assistance. In 2005, after the decedent's late wife moved into a nursing home, the defendant ended her employment with the decedent, whose lymphoma was then in remission, and moved back to her native country, Poland. In March 2008, the decedent's lymphoma progressed, and he asked the defendant, who was then visiting the United States, to remain here and to serve as his live-in caregiver. The defendant agreed and moved back into the premises.

The decedent had previously executed a will in 2004, which left the premises to the defendant. In 2004, he also named the defendant as his attorney-in-fact. However, in 2005, a few months before the defendant moved back to Poland, the decedent modified his will so as to bequeath the premises to his children, and named Michael Bazigos as his attorney-in-fact. Thereafter, on August 13, 2008, a few days after the decedent was discharged from a hospital stay, he engaged the services of his attorney to draft another will, establish the subject trust, prepare the deed transferring title to the premises to the trust, and a power of attorney form naming the defendant as his agent. The decedent executed the trust, the power of attorney, and the deed in the presence of his attorney and another attorney, who was also a notary public.

The plaintiffs commenced this action alleging that the trust

and the deed executed in 2008 were invalid because they were procured by undue influence. Specifically, the plaintiffs alleged that, while the decedent was hospitalized and receiving cancer treatments, the defendant took advantage of the decedent's weak mental and physical condition and pressured him to create the trust and name the defendant as its beneficiary. The defendant made a renewed motion for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiffs appeal.

The Supreme Court properly granted that branch of the defendant's renewed motion which was for summary judgment dismissing the cause of action alleging undue influence. For a testamentary instrument to be invalidated on the basis of undue influence, there must be evidence that a defendant's influence " 'amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the [decedent] to do that which was against his [or her] free will and desire, but which he [or she] was unable to refuse or too weak to resist' " (*Hearst v Hearst*, 50 AD3d 959, 961-962 [2008], quoting *Matter of Walther*, 6 NY2d 49, 53 [1959]; *Children's Aid Socy. of City of N.Y. v Loveridge*, 70 NY 387, 394 [1877]; *Matter of Capuano*, 93 AD3d 666, 667-668 [2012]). "[T]he burden of proof generally lies with the party asserting undue influence" (*Matter of DelGatto*, 98 AD3d 975, 977 [2012]). However, where there was a confidential or fiduciary relationship between the beneficiary and the decedent, " '[a]n inference of undue influence' arises which requires the beneficiary to come forward with an explanation of the circumstances of the transaction" (*id.* at 978, quoting *Matter of Neenan*, 35 AD3d 475, 476 [2006]; *see Matter of Zirinsky*, 43 AD3d 946, 948 [2007]).

Here, the defendant demonstrated her prima facie entitlement to judgment as a matter of law by showing, among other things, that there was not a fiduciary relationship between her and the decedent and that no undue influence had been exerted over the decedent (*see Matter of Mele*, 113 AD3d 858, 860-861 [2014]). The defendant submitted evidence in support of her motion establishing that on August 13, 2008, the decedent executed the trust, the deed, and the power of attorney form that named her as his agent within moments of each other, and that the defendant did not become aware that she held power of attorney for the decedent until after the trust had been executed. Based on these facts, the presumption of undue influence that typically arises where a fiduciary receives a

bequest of property that is the subject of the agency relationship does not arise because, even if the defendant technically held power of attorney for the decedent when the trust was executed, she did not have an opportunity to abuse her fiduciary power for her own gain (*cf. Matter of Boatwright*, 114 AD3d 856, 857-859 [2014]). While the plaintiffs argue on appeal that a confidential relationship existed between the decedent and the defendant, that argument is not properly before this Court, as the plaintiffs did not make such an allegation either in the complaint or in opposition to the defendant's renewed motion (*see Robles v Brooklyn-Queens Nursing Home, Inc.*, 131 AD3d 1032, 1033 [2015]).

Furthermore, the defendant established, prima facie, that the decedent, although undergoing treatment for cancer, was coherent, and financially, mentally, and emotionally independent when he decided to establish the trust and name the defendant as its beneficiary (*see Matter of Zirinsky*, 43 AD3d at 948). In opposition, the plaintiffs failed to submit any evidence, beyond conclusory allegations and speculation, that the defendant actually exerted undue influence over the decedent (*see Matter of Mele*, 113 AD3d at 860-861; *Matter of Capuano*, 93 AD3d at 668).

Contrary to the plaintiffs' contention, the Supreme Court properly determined that the defendant's renewed motion was not premature (*see Anzel v Pistorino*, 105 AD3d 784, 786 [2013]; *Matter of Dietrich*, 271 AD2d 894, 895 [2000]; *Mazzaferro v Barterama Corp.*, 218 AD2d 643, 643 [1995]; *cf.* CPLR 3212 [f]).

The plaintiffs' remaining contentions are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted the defendant's renewed motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Barros and Connolly, JJ., concur.