# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**351**

**CA 16-01342**

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND NEMOYER, JJ.

---

JOHN C. BLASE, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

JOSEPH C. BLASE, DEFENDANT-APPELLANT.

---

MARK A. WOLBER, UTICA, FOR DEFENDANT-APPELLANT.

MICHAEL J. LAUCELLO, CLINTON, FOR PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Louis P. Gigliotti, A.J.), entered October 30, 2015. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Prior to his death in 2012, Joseph V. Blase (decedent) owned several accounts at a credit union. For each of those accounts, decedent named two of his sons, plaintiff and defendant, as equal beneficiaries. Defendant, acting pursuant to a power of attorney that decedent signed while he was in a nursing home, directed the credit union to remove plaintiff as a beneficiary on those accounts, and defendant withdrew the funds from the accounts after decedent passed away. Plaintiff commenced a proceeding in Surrogate's Court to transfer those funds to decedent's estate, but discovered that the accounts were not part of that estate. Plaintiff then commenced this action seeking to recover half of the funds that had been removed from the credit union accounts, alleging, inter alia, that defendant misused the power of attorney. Defendant appeals from an order denying his motion for summary judgment dismissing the complaint. We affirm.

Defendant contends that Supreme Court erred in denying that part of the motion for summary judgment dismissing the cause of action alleging that he exercised undue influence over decedent because plaintiff failed to establish that defendant exercised such influence. We reject that contention. It is well settled that, "where there was a confidential or fiduciary relationship between the beneficiary and the decedent, [a]n inference of undue influence arises which requires the beneficiary to come forward with an explanation of the circumstances of the transaction" (*Bazigos v Krukar*, 140 AD3d 811, 813 [internal quotation marks omitted]). Here, the allegations in the complaint and the evidence submitted by defendant in support of his

motion, including his own affirmation, establish that he had a confidential relationship with decedent (*see Allen v La Vaud*, 213 NY 322, 327-328; *Peters v Nicotera*, 248 AD2d 969, 970; *Matter of Connelly*, 193 AD2d 602, 603, *lv denied* 82 NY2d 656). Thus, in order to meet his burden on the motion of establishing his entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324), defendant was required " 'to show affirmatively that no deception was practiced, no undue influence was used, and that all was fair, open, voluntary and well understood' " (*Matter of Gordon v Bialystoker Ctr. & Bikur Cholim*, 45 NY2d 692, 699). We agree with the court that defendant failed to meet that burden, and thus that part of the motion was properly denied "regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Similarly, contrary to defendant's contention, he failed to meet his burden on that part of the motion seeking summary judgment dismissing the remaining causes of action, alleging that he breached his duty under the power of attorney, inasmuch as he failed to establish that, in removing plaintiff as a beneficiary on the accounts, he " 'act[ed] in the utmost good faith and undivided loyalty toward the principal, and . . . in accordance with the highest principles of morality, fidelity, loyalty and fair dealing' " (*Matter of Ferrara*, 7 NY3d 244, 254). Consequently, the court also properly denied that part of the motion.

We have considered defendant's remaining contentions, and we conclude that they do not require reversal or modification of the order.

Entered: March 31, 2017                    Frances E. Cafarell
                                           Clerk of the Court