Matter of Mortimer Nurse (2018 NY Slip Op 02473)





Matter of Mortimer Nurse


2018 NY Slip Op 02473


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-09180
2015-09182
 (Index No. 100261/13)

[*1]In the Matter of Mortimer Nurse, as administrator of the estate of Rupert A. N. (Anonymous). Mortimer Nurse, et al., petitioners-respondents; Winston Valley Dacres, et al., appellants; Eric Nelson, court evaluator, nonparty-respondent.


Ishelli Oliver, Brooklyn, NY, for appellants.
Hopkins Law Group, LLC, Springfield Gardens, NY (Everett Hopkins of counsel), for petitioners-respondents.
Eric Nelson, Staten Island, NY, court evaluator, nonparty-respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, inter alia, to appoint the petitioners as coguardians of the person and property of Rupert A. N., Winston Valley Dacres and Sonia Dacres appeal from (1) an order of the Supreme Court, Kings County (Michael L. Pesce, J.), dated June 23, 2015, which, after a hearing, granted the petitioners' motion to set aside a deed dated July 19, 2013, as invalid on the grounds of incompetence and undue influence, and (2) a judgment of the same court, also dated June 23, 2015, which, inter alia, declared the July 19, 2013, deed null and void.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In a deed dated July 19, 2013 (hereinafter the deed), Rupert A. N. conveyed a 50% ownership interest in residential property to his stepson, the appellant Winston Valley Dacres. Thereafter, on December 20, 2013, two of Rupert A. N.'s biological children, the petitioners, Mortimer Nurse and Hyacinth Nurse, commenced a proceeding pursuant to Mental Hygiene Law article 81 seeking, inter alia, to be appointed coguardians of the person and property of Rupert A. N. After a hearing at which it was established that Rupert A. N. suffered from dementia, the Supreme Court deemed Rupert A. N. an incapacitated person and appointed the petitioners as coguardians. Thereafter, the petitioners moved to set aside the deed on the grounds of incompetence [*2]and undue influence. Following a hearing held on January 9, 2015, the court, by order dated June 23, 2015, determined that the petitioners had proven by clear and convincing evidence that Rupert A. N. was incompetent at the time the deed was executed, and that the deed was the result of undue influence. Accordingly, the court determined that the deed was null and void. A judgment of the same date, inter alia, declared the deed null and void.
Contrary to the appellants' contentions, the Supreme Court did not err in rejecting an affirmation of engagement from their counsel (see 22 NYCRR 125.1; see generally Wahid v Pour, 89 AD3d 1015, 1015), nor did the court improvidently exercise its discretion in denying a request for an adjournment of the January 9, 2015, hearing (see Matter of Steven B., 6 NY3d 888, 889; Matter of Ca'leb R.D. [Mary D.S.], 121 AD3d 890, 892; Diamond v Diamante, 57 AD3d 826, 827; Matter of Sicurella v Embro, 31 AD3d 651, 651). Further, the denial of an adjournment did not deprive the appellants of due process. The record demonstrates that the appellants had due notice and opportunity to be heard (see generally Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314).
"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing the witnesses" (Campbell v Campbell, 107 AD3d 929, 930 [internal quotation marks omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
"As a general rule, a party's competence is presumed, and in order to set aside a transfer of property on the ground of lack of capacity, it must be established that the party did not understand the nature of the transaction at the time of the conveyance as a result of his or her mental disability" (Buckley v Ritchie Knop, Inc., 40 AD3d 794, 795; see Crawn v Sayah, 31 AD3d 367; Feiden v Feiden, 151 AD2d 889, 890). Persons suffering from diseases, such as dementia, are not presumed incompetent and may still execute a valid deed (see Matter of Nealon, 57 AD3d 1325, 1327; Matter of Lee, 294 AD2d 366, 367; Feiden v Feiden, 151 AD2d at 890). Instead, it must be demonstrated that the individual was incompetent at the specific time of the challenged transaction, i.e., that he or she was " so affected as to render him [or her] wholly and absolutely incompetent to comprehend and understand the nature of the transaction'" (Feiden v Feiden, 151 AD2d at 890, quoting Aldrich v Bailey, 132 NY 85, 89; see Matter of Nealon, 57 AD3d at 1327; Buckley v Ritchie Knop, Inc., 40 AD3d at 795; Crawn v Sayah, 31 AD3d at 369).
Here, the petitioners presented, inter alia, expert witness testimony which established that at the time of the execution of the deed Rupert A. N. suffered from dementia and major vascular neurocognitive disorder, which rendered him wholly incompetent and incapable of understanding the consequences of his actions. The expert witness testified, to a reasonable degree of medical certainty, that based on Rupert A. N.'s diagnosis, on July 19, 2013, Rupert A. N. could "certainly not appreciate" the consequences of his actions. In response, the appellants failed to present evidence sufficient to refute the conclusions of the petitioners' medical expert. The evidence supports the Supreme Court's conclusion that when the deed was executed on July 19, 2013, Rupert A. N. suffered from dementia and vascular disease which rendered him wholly and absolutely incompetent to comprehend and understand the nature of the transaction. Accordingly, the court properly determined that the deed was invalid on the ground of incompetence.
For an instrument to be invalidated on the basis of undue influence, there must be evidence that the influence exerted "amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained [a person] to do that which was against his [or her] free will and desire, but which he [or she] was unable to refuse or too weak to resist" (Matter of Walther, 6 NY2d 49, 53 [internal quotation marks omitted]). The burden of proving undue influence generally rests with the party asserting its existence (see Hearst v Hearst, 50 AD3d 959, 962; Matter of Connelly, 193 AD2d 602, 602). Where, however, the existence of a confidential relationship is established, the burden shifts to the beneficiary of the transaction to show that the transaction is fair and free from undue influence (see Matter of Albert, 137 AD3d 1266, 1268; Matter of Boatwright, 114 AD3d 856, 858; Matter of [*3]Connelly, 193 AD2d at 603). "In order to demonstrate the existence of a confidential relationship, there must be evidence of circumstances that demonstrate inequality or a controlling influence" (Matter of Albert, 137 AD3d at 1268; see Matter of Bonczyk v Williams, 119 AD3d 1124, 1126; Matter of Graeve, 113 AD3d 983, 984; Matter of Nealon, 104 AD3d 1088, 1089, affd 22 NY3d 1045).
Here, the record demonstrates that the appellants provided 24-hour care to Rupert A. N., who, as a result of his physical and mental ailments, was rendered wholly reliant upon his caregivers. Under these circumstances, the existence of a confidential relationship was established (see Allen v La Vaud, 213 NY 322; Matter of Boatwright, 114 AD3d at 859; Peters v Nicotera, 248 AD2d 969, 969; Matter of Connelly, 193 AD2d at 603). The burden therefore shifted to the appellants, who, in turn, failed to demonstrate that the transaction was fair and free from undue influence. The Supreme Court found the appellants' evidence to be contradictory and incredible. Such credibility determinations are accorded great weight (see Matter of Boatwright, 114 AD3d at 859), and there is no basis in this record to disturb it. Accordingly, the court properly determined that the deed also was invalid on the ground of undue influence.
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court