Matter of Kotsones (2020 NY Slip Op 04102)





Matter of Kotsones


2020 NY Slip Op 04102


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1205 CA 19-01048

[*1]IN THE MATTER OF SOPHIE PETER KOTSONES, DECEASED. 
JAMES KOTSONES, PETITIONER-RESPONDENT, v
ELLEN KREOPOLIDES, ALSO KNOWN AS ELLEN MARIA KREOPOLIDES, INDIVIDUALLY, AND AS TRUSTEE OF THE SOPHIE PETER KOTSONES IRREVOCABLE TRUST, ALEXANDER KREOPOLIDES, ALSO KNOWN AS ALEX KREOPOLIDES, AND 42-52 WEST MARKET STREET LLC, RESPONDENTS-APPELLANTS. 






MILLER MAYER LLP, ITHACA (ANTHONY N. ELIA, III, OF COUNSEL), FOR RESPONDENT-APPELLANT ELLEN KREOPOLIDES, ALSO KNOWN AS ELLEN MARIA




 Appeals from an order of the Surrogate's Court, Steuben County (Patrick F. McAllister, S.), entered March 18, 2019. The order, among other things, denied the application to admit to probate the December 5, 2012 will of the deceased and invalidated various transactions. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is dismissed, and the application is granted.
Memorandum: Petitioner and respondent Ellen Kreopolides, also known as Ellen Maria Kreopolides (Ellen), individually, and as trustee of the Sophie Peter Kotsones Irrevocable Trust (trust), are the children of Sophie Peter Kotsones (decedent). Respondent Alexander Kreopolides, also known as Alex Kreopolides (Alexander), is Ellen's son. After Ellen and Alexander made an application to admit decedent's December 5, 2012 will to probate, petitioner objected to the admission of the will to probate and filed a petition seeking to invalidate the trust and certain real estate transactions involving decedent's property, all on the ground that, inter alia, Ellen and Alexander had exerted undue influence on decedent. Respondents now appeal from an order entered following a nonjury trial that, inter alia, denied the application to admit the will to probate, granted petitioner's objection to the will, and granted his petition insofar as it sought to invalidate the trust and real estate transactions. Surrogate's Court determined that the will, trust, and real estate transactions had been procured by Ellen and Alexander exerting undue influence upon decedent. We reverse.
As an initial matter, we reject the contention of Alexander and respondent 42-52 West Market Street LLC that the Surrogate erred in denying their pretrial cross motion for summary judgment dismissing the petition against them (see generally Matter of Randall, 73 AD3d 1465, 1465 [4th Dept 2010]). Regarding the Surrogate's determination following the trial, however, we agree with respondents that the Surrogate erred in concluding that a confidential relationship [*2]between Ellen, Alexander, and decedent existed, which thereby triggered an inference that Ellen and Alexander exerted undue influence on decedent with respect to the will, trust, and real estate transactions. "It is well settled that, where there was a confidential or fiduciary relationship between the beneficiary and the decedent, [a]n inference of undue influence arises which requires the beneficiary to come forward with an explanation of the circumstances of the transaction' " (Blase v Blase, 148 AD3d 1777, 1778 [4th Dept 2017]), i.e., requiring the beneficiary " to prove the transaction fair and free from undue influence' " (Matter of Prievo v Urbaniak, 64 AD3d 1240, 1241 [4th Dept 2009]). Here, however, petitioner had the initial burden of establishing " the requisite threshold showing that a confidential relationship existed' " (id.; see generally Matter of DelGatto, 98 AD3d 975, 977 [2d Dept 2012]; Matter of Moran [appeal No. 2], 261 AD2d 936, 936-937 [4th Dept 1999]).
" In order to demonstrate the existence of a confidential relationship, there must be evidence of circumstances that demonstrate inequality or a controlling influence' " (Matter of Nurse, 160 AD3d 745, 748 [2d Dept 2018]). Indeed, a confidential relationship has been described as "one that is of such a character as to render it certain that [the parties] do not deal on terms of equality' " (Matter of Bonczyk v Williams, 119 AD3d 1124, 1125 [3d Dept 2014]; see Matter of Nealon, 104 AD3d 1088, 1089 [3d Dept 2013], affd 22 NY3d 1045 [2014]). Further, " [a]n inference of undue influence cannot be reasonably drawn from circumstances when they are not inconsistent with a contrary inference' " (Matter of Walther, 6 NY2d 49, 54 [1959]). Here, although the record establishes that Ellen and Alexander held a position of trust with decedent, and that Ellen assisted decedent with her finances and was named decedent's power of attorney, the record also reflects that, despite Ellen's position of trust, decedent was actively and personally involved in managing her real estate and in drafting her estate plan, and that she directed her personal attorney and the branch manager at her bank to act according to her own desires based on her own personal, stated reasons. Indeed, the trial testimony established that various nonparty witnesses acted pursuant to decedent's direction, not Ellen's or Alexander's, and decedent's testamentary capacity is not at issue on appeal. Under these circumstances, petitioner failed to meet his initial burden of establishing that the relationship of Ellen and Alexander with decedent was of such an unequal or controlling nature as to give rise to an inference of undue influence.
We likewise agree with respondents that the Surrogate erred in finding undue influence aside from the existence of a confidential relationship. To establish undue influence under such circumstances, there must be a showing of the "exercise[ of] a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity [that] could not be resisted, constrained the testator to do that which was against [his or] h[er] free will" (Matter of Kumstar, 66 NY2d 691, 693 [1985], rearg denied 67 NY2d 647 [1986] [internal quotation marks omitted]; see Matter of Lee, 107 AD3d 1382, 1383 [4th Dept 2013]; Matter of Alibrandi, 104 AD3d 1175, 1177-1178 [4th Dept 2013]). Here, the record reflects that Ellen and Alexander wanted to benefit from decedent's estate, and that Ellen assisted decedent in executing the relevant estate plan and making the disputed transactions. The relevant inquiry, however, is not what Ellen and Alexander may have wanted, asked for, or facilitated, but rather whether decedent's free will, independent action, and self-agency were overcome by their conduct (see Walther, 6 NY2d at 53-54). In this case, the record establishes that decedent informed her attorney in 2011 that she did not want petitioner to have any further power over her affairs, that decedent thereafter worked with her attorney directly in order to revise her estate plan, and that decedent discussed with her attorney her personal reasons for altering her prior estate plan to the exclusion of petitioner. Indeed, decedent's attorney testified that he never prepared a document that decedent did not personally authorize, and testimony from numerous non-beneficiaries established decedent's capacity and active management of her own affairs during the relevant time frame, albeit with the assistance of Ellen. Simply put, the record does not reflect that decedent at any time lost her free will or agency, and instead the record reflects that she took the disputed actions based on her stated personal motives. We thus conclude that the Surrogate erred in concluding that the will, the trust, and the real estate transactions were procured by undue influence. Consequently, we reverse the order, dismiss the petition, and grant the application to admit the will to probate.
In light of our determination, we do not address respondents' remaining contentions.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court