Matter of Tigue (2025 NY Slip Op 51228(U))

[*1]

Matter of Tigue

2025 NY Slip Op 51228(U)

Decided on August 4, 2025

Surrogate's Court, Rockland County

Cornell, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 4, 2025
Surrogate's Court, Rockland County

In the Matter of the Probate Proceeding of Joyce J. Tigue, Deceased.

File No. 2024-613

Richard M. Ellsworth, Esq.
Balsamo, Byrne, Cipriani & Ellsworth
Attorney for Petitioners
16 Chestnut Street, P.O. Box 209
Suffern, NY 10901
Scott Feiden, Esq.
Feiden Law Firm
Attorneys for Objectant Thomas Lynch, III
146 Maple Avenue
New City, NY 10956

Keith J. Cornell, S.

Before the Court is the motion for summary judgment by Theresa A. Albrecht, Kelly A. Kelly, and Carol A. Furey ("Petitioners") seeking probate of the propounded will of their mother, Joyce J. Tigue ("Decedent"), and to dismiss the objections to probate filed by Decedent's grandson, Thomas M. Lynch, III ("Objectant"). Objectant opposes the motion. The following papers were considered:
1. Probate Petition, filed August 19, 2024;
2. Amended Probate Petition, filed September 27, 2024;
3. Verified Objection to probate of Thomas M. Lynch, III, dated December 8, 2024; 4. Petitioners' Notice of Motion for Summary Judgment, dated April 11, 2025/ Affirmation of Richard M. Ellsworth, Esq., dated April 11, 2025, with Exhibit 1;
5. Notice of Cross-Motion to Disqualify Attorney/ Affirmation of Scott B. Feiden, Esq., dated May 8, 2025, in support of cross-motion and in opposition to Petitioners' motion [*2]for summary judgment/ Affirmation of Thomas Lynch, III, dated May 8, 2025;
6. Affirmation of Richard M. Ellsworth, Esq., in Reply and in Opposition to cross-motion, dated May 19, 2025;
7. Report of Lisa Herman, Esq. as the Guardian ad Litem for LJK and BTK, dated July 30, 2025.
Background
Decedent passed away testate on February 9, 2024, survived by her three daughters (Petitioners) and the three children of her pre-deceased son. Decedent also had twelve other grandchildren. On August 19, 2024, Petitioners filed the instant petition to probate an instrument entitled "Last Will and Testament of Joyce J. Tigue" with an execution date of April 25, 2023. 
On December 9, 2024, Objectant Thomas M. Lynch, III, one of the children of Decedent's predeceased son, Thomas M. Lynch, Jr., filed written objections. Objectant alleged that Decedent lacked testamentary capacity and alleged that the instrument was the result of coercion, duress, and undue influence by Petitioners, his aunts. On January 14, 2025, this Court appointed Lisa Herman, Esq. as the Guardian ad Litem for LJK and BTK, Decedent's two grandchildren who are infants. The matter was referred to mediation, but no resolution was reached.
On April 11, 2025, Petitioners filed the instant motion for summary judgment, arguing that no material issues of fact prevent the Court from admitting the instrument for probate. Objectant filed opposition and a cross-motion to disqualify Petitioners' attorney. The GAL filed her report in support of Petitioners, recommending that the instrument be admitted to probate.
Arguments
Petitioners argue that they have established a prima facie case that the instrument was duly executed and that Decedent had the capacity to execute a will on April 25, 2023. Petitioners point out that the instrument complies with EPLT § 3-2.1. They note that it bears the testator's signature, followed by the signatures of two witnesses, Elizabeth Ellsworth and Laurette Remien. They point out that instrument was drafted by an attorney, Richard Ellsworth, who conducted the execution ceremony. They note that the instrument includes an attestation clause and a self-proving affidavit, notarized by Ellsworth.
Petitioners' counsel affirms that he met with Decedent and drafted both the will offered for probate herein and her prior will, which was executed on February 15, 2022. Counsel affirms that he questioned Decedent regarding her capacity as part of the execution ceremony. Counsel affirms that Decedent was of sound mind in both 2022 and 2023 and had full knowledge of her property and her family.
Petitioners point out that Objectant has offered no evidence that would support his claim that his grandmother was unduly influenced by his aunts. Petitioners argue that Objectant has [*3]not offered any facts that would tend to establish fraud.
In opposition, Objectant argues that there are triable issues of fact as to whether Decedent had testamentary capacity or whether the propounded instrument is a product of undue influence. Objectant argues that the motion for summary judgment is not properly supported by sufficient evidence. Objectant argues that the 2023 will is a significant departure from his grandmother's testamentary plans. He alleges that a prior will had divided the estate equally amongst Decedent's four children. He alleges that after his father's death, his aunts used their influence over their mother to decrease the amount that he and his siblings would receive from Decedent's estate. He points out that his family was not invited to celebrate Thanksgiving or Christmas with the rest of the family this year. 
Objectant also argues that Ellsworth must be disqualified from representing Petitioners because he is the attorney-drafter of the will. Objectant points out that Ellsworth is a fact witness as to his Grandmother's capacity to make a will, as he conducted the execution ceremony. Objectant argues that if Ellsworth continues as the attorney for Petitioners, he will be violating the "advocate-witness rule." Finally, Objectant seeks the opportunity to conduct discovery.
In reply, Petitioners again argue that they have established their prima facie case of due execution. They argue that Objectant has failed to raise any issue of material fact. They argue that Objectant has failed to come forward with any evidence that Decedent suffered from cognitive decline or any type of mental impairment in February 2023. They argue that Objectant has also failed to introduce any evidence that could support the claim of undue influence. They argue that although Objectant claims to have had several conversations with his Grandmother in which she allegedly told him that she planned to divide her estate equally amongst the families of her four children, he provides no support other than his own self-serving claim. Petitioners argue that these conversations are a fabrication.
In her report and recommendation, based on her independent review of the instrument and conversations with the witnesses, and conversations with the drafting attorney, the GAL concluded that the instrument was duly executed. She further concluded that she did not find that there were any good-faith objections to probate that could be raised by her wards.
DISCUSSION
The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient admissible evidence to eliminate any material issues of fact from the case. See Sillman v. Twentieth Century-Fox Film Corp., 3 NY2d 395 (1957). The movant bears the burden of proving entitlement to summary judgment, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers. See Winegrad v. New York Univ. Med. Ctr., 64 NY2d 851 (1985). Once sufficient proof has been offered, the burden then shifts to the opposing party who, in order to defeat the motion for summary judgment, must proffer evidence in admissible form that raises a triable issue of fact. See Zuckerman v. City of New York, 49 NY2d 557 (1980).
Will challenges tend to be very fact-specific, but the legal analysis is straightforward. First, the proponent of the will must introduce facts showing both due execution and the competency of the testator. Cf., 2 Harris NY Estates 24:195 (6th ed.). Proof of due execution requires a showing that the instrument was executed in substantial compliance with the requirements of EPTL § 3-2.1. The proponent of the will must show that: (i) the testator signed at the end of the instrument; (ii) the testator either signed in the presence of at least two attesting witnesses or acknowledged his/her signature to them; (iii) the testator declared to each of the attesting witnesses that the instrument was his/her will; and (iv) the witnesses signed at the testator's request. See Matter of Kellum, 52 NY 517 (1873). The proponent of the will bears the burden of establishing due execution, see In re Stenger's Will, 253 A.D. 282, 284 (2d Dept. 1938). 
A presumption of regularity attaches when a will execution ceremony is supervised by a licensed attorney. See In re Hedges, 100 AD2d 586, (2d Dept. 1984); see also In re Kindberg, 207 NY 220 (1912). A presumption of due execution also arises when the will is accompanied by a self-executing affidavit. See Matter of Leach, 3 AD3d 763 (3d Dept. 2004). If the proponent can establish a prima facie case of due execution, the objectant must identify an infirmity to deny probate. See Matter of Rottkamp, 95 AD3d 1338, 1339 (2d Dept. 2012) (objectant failed to raise a triable issue of fact as to due execution).
Here, the will shows every indicia of due execution. They instrument was drafted by an attorney, Richard Ellsworth, who conducted the execution ceremony. The instrument bears the testator's signature at the end, followed by the signatures of two witnesses, Elizabeth Ellsworth and Laurette Remien. The instrument includes an attestation clause and a self-proving affidavit, notarized by Ellsworth. 
With respect to testamentary capacity, the proponent has the burden of establishing that decedent was competent to make a will and that she understood the nature and extent of her property, the natural objects of her bounty, and the provisions of the instrument. See Matter of Kumstar, 66 NY2d 691 (1984). Mere proof that the decedent suffered from old age, physical infirmity, or even dementia, is not necessarily inconsistent with testamentary capacity. See in re Estate of Buchanan, 245 AD2d 642 (3d Dept. 1997). A self-proving affidavit in which the witnesses attest that the testator was of sound mind creates a presumption of testamentary capacity and prima facie evidence of the facts attested to. See Matter of Dralle, 192 AD3d 1239 (3d Dept. 2021). Once a prima facie showing has been made by proponent of decedent's testamentary capacity, the burden shifts to the objectant to present evidence to demonstrate the presence of triable issues. See In re Estate of Windheim, 192 AD2d 337 (1st Dept. 1993).
Here, Petitioners offer the self-proving affidavit of the two witnesses, who each attested that decedent was of sound mind, memory, and understanding, and was competent to make a will. Petitioners also have the support of their counsel, whose affirmation confirms that Decedent had capacity to make a will. In response, Respondent has failed to present any evidence, including the medical records and affidavits, that showed that decedent lacked testamentary capacity or mental competency at the time of the execution of the 2023 will. 
To prevent probate of a will based on a claim of undue influence, an objectant must demonstrate, by a preponderance of evidence, a motive, opportunity and the actual exercise of influence so strong as to subvert the mind of the testator at the time of execution to the extent that, but for the "undue" influence, the testator would not have executed the instrument. See Matter of Fiumara, 47 NY2d 845 (1979). An objectant must establish that the influence exerted "amounted to a moral coercion" which "constrained the testator to do that which was against his free will and desire." Matter of Walther, 6 NY2d 49, 53 (1959) (quoting Children's Aid Soc. v. Loveridge, 70 NY 387, 394 (1877) (internal quotations omitted)). Since undue influence is seldom practiced openly, the movant may prove the claim by circumstantial evidence of a substantial nature. See Matter of Walther, 6 NY2d at 54; Matter of Burke, 82 AD2d 260, 269 (2d Dept. 1981). Allegations must be specific and detailed, substantiated by evidence in the record; mere conclusory assertions will not suffice. See Iselin & Co. v. Mann Judd Landau, 71 NY2d 420 (1988) (affirming grant of summary judgment); See Bazigos v. Krukar, 140 AD3d 811, 814 (2d Dept. 2016) (affirming grant of summary judgment to proponent of will); Matter of Neuman, 14 AD3d 567 (2d Dept. 2005) (reversing denial of summary judgment). An objectant must put forth more than speculation to establish undue influence. The Court cannot ascribe ill intent or assume that there was undue influence if the evidence "is equally consistent with the assumption that that the will expressed the decedent's own voluntary intent." Matter of Walther, 6 NY2d at 54.
Generally, "[t]he burden of proving undue influence . . . rests with the party asserting its existence." Matter of Nurse, 160 AD3d 745, 748 (2d Dept 2018). However, if there was a confidential or fiduciary relationship between a beneficiary and the decedent, the burden shifts to the beneficiary to prove by clear and convincing evidence that the transaction was not a result of undue influence by the stronger party. See Blase v. Blase, 148 AD3d 1777 (4th Dept. 2017). "Lawful influences which arise from the claims of kindred and family or other intimate personal relations are proper subjects for consideration in the disposition of estates," and should not automatically be "regarded as illegitimate or as furnishing cause for legal condemnation." Children's Aid Soc., 70 NY at 394-95. "Although close family ties may negate the presumption of undue influence that would otherwise arise from a confidential or fiduciary relationship, a factfinder could still decide that the stronger party acted not out of family duty, but rather out of greed." Matter of Mary, 202 AD3d 1418, 1420 (3d Dept. 2022) (finding that son used undue influence to cause mother to execute new will that disadvantaged his two siblings).
If the relationship is not confidential as a matter of law, the party alleging the existence of the confidential relationship must make a threshold showing that a confidential relationship existed. See Matter of Graeve, 113 AD3d 983, 984 (3d Dept. 2014). The proponent must prove that a fiduciary relationship existed between the parties, giving one a controlling influence over the conduct and interests of the other. See Allen v. La Vaud, 213 NY 322 (1915). 
Here, there is no evidence that Decedent was in a confidential relationship with all three of her daughters. There is no evidence that the three Petitioners wielded any kind of controlling power of Decedent. Therefore, the burden to establish undue influence rests with Objectant. 
In support of his claim, Objectant primarily argues that his father's death "spawned greed [*4]among my aunts." (Lynch Aff. ¶ 17). He argues that he and his siblings are essentially excluded from the Will due to his aunts' undue influence over his grandmother. As evidence, he offers only the fact that his family was not invited to celebrate Thanksgiving and Christmas in 2024 with the rest of the family. 
First, Objectant misconstrues the bequest he and his siblings receive. They, in fact, are recipients of more direct gifts than their 12 first cousins. It is true that Petitioners each receive 1/4th of the proceeds of the sale of Decedent's home, while Objectant is limited to 1/15th of approximately 1/8th of the proceeds. Had the sale of the home been divided per stripes, he would have received 1/12th. However, Objectant offers no explanation for the provisions of the will that treat his cousins Kerry and Patrick in the same manner if his aunt Carol predeceased their Grandmother. As to not being invited to celebrate holidays in 2024, this is not evidence of undue influence in 2023. Objectant failed to raise any issue of fact as the existence of undue influence. 
Having found that the will was duly executed, Decedent possessed testamentary capacity, and was not subject to the undue influence of Petitioners, the 2023 Will is admitted to probate. In light of this determination, the cross-motion to disqualify Richard Ellsworth, Esq. is moot.
Therefore it is
ORDERED that Petitioners' motion for summary judgment is GRANTED; and it is further
ORDERED that the Objections are dismissed. 
Thus, the clerk is respectfully directed to prepare a decree admitting the Will to probate and issue co-letters testamentary to Petitioners.
Dated: August 4, 2025
HON. KEITH J. CORNELL
Rockland County Surrogate