■ In the Matter of the Estate of MARY RICCA, Deceased. ROSE L. PIAZZA et al., Respondents; JANE RICCA, Appellant. [865 NYS2d 684]—

In a proceeding, inter alia, for the judicial settlement of the intermediate account of the petitioners, as coexecutors under the will of the decedent Mary Ricca the objectant appeals, as limited by her brief, from stated portions of a decree of the Surrogate's Court, Queens County (Nahman, S.), entered April 10, 2007, which, after a nonjury trial, judicially settled the intermediate account and, among other things, (1) dismissed the objection alleging that the petitioners failed to account for the proper inventory value of a Neuberger and Berman limited maturity bond fund, (2) directed the petitioner Rose L. Piazza to pay a surcharge of interest to the estate, rather than to the objectant, based on her failure to make a distribution to the objectant, and (3) denied the objectant's claim for an attorney's fee in the amount of $48,649.81 and for the return of an attorney's fee to the estate in the amount of $21,932.

Ordered that the decree is modified, on the law, by deleting so much of the fifteenth decretal paragraph thereof as directed the petitioner Rose L. Piazza to pay a surcharge of interest to the decedent's estate, and substituting therefor a provision directing the petitioner to pay that surcharge to the objectant; as so modified, the decree is affirmed insofar as appealed from, without costs or disbursements.

Mary Ricca (hereinafter the decedent) died on May 4, 1999 survived by her two daughters, the petitioner Rose L. Piazza and the objectant Jane Ricca. The decedent's will dated

December 23, 1991 and her first codicil dated September 10, 1998 were admitted to probate after a jury trial on the issue of Jane's objections. The will appointed Rose a coexecutor of the estate with the decedent's brother, Charles Gulotta (hereinafter together the petitioners). ARTICLES THREE and FOUR of the will contained specific devises and bequests to Rose and the objectant, respectively, and ARTICLE FIVE devised and bequeathed the residuary estate to Rose and the objectant in two equal shares.

The petitioners filed an intermediate account from the date of the decedent's death through June 30, 2002. The intermediate account reflected gross assets in the amount of $132,733.70, consisting of personal property which included, inter alia, the cash balance of $21,299.45 in a Neuberger and Berman limited maturity bond fund (hereinafter the NB account) which was bequeathed to the objectant, rental proceeds from a gas station business/property bequeathed to Rose under ARTICLE THREE, and a vacant parcel of land in Greenville, New York devised to the objectant under ARTICLE FOUR.

The objectant asserted numerous objections to the intermediate account, including a claim for one half of the initial balance of $65,024.95, which the decedent deposited in the NB account when she and the objectant opened it in 1986, and the dividends issued on the account during the decedent's lifetime, a request to surcharge Rose for failing to make a distribution to the objectant when Rose distributed an ARTICLE THREE bequest to herself, a claim for the payment of the objectant's attorney's fees in the amount of $48,649.81, and the return of $21,931 in attorney's fees the estate incurred after the accounting was filed.

After extensive discovery, a referee held a three-day trial and issued a report which sustained certain objections and dismissed others. The Surrogate judicially settled the intermediate account in a decree, which, inter alia, dismissed the objection pertaining to the NB account, directed Rose to pay a 9% surcharge to the estate representing interest on the value of the distribution that Rose took without distributing a like amount to the objectant, and denied the objectant's claims for an attorney's fee and for the return of a post-filing attorney's fee.

The record supports the dismissal of the objectant's claim to half the initial balance in the NB account and the dividends which issued to the account during the decedent's lifetime. Rose established that the NB account was opened by the decedent and the objectant with the decedent's funds to provide for the decedent's use during her lifetime (*see Matter of Bobeck*, 143 AD2d 90, 92 [1988]; *cf. Matter of Kiejliches*, 292 AD2d 530, 531 [2002]).

Further, the Surrogate properly denied the payment of the objectant's attorney's fee, as the objectant's attorney did not render substantial service to the estate (*see Matter of Scarsella*, 195 AD2d 513, 516 [1993]; *cf. Matter of Newhoff*, 107 AD2d 417, 423 [1985]). Also, the denial of the objectant's claim for the return of legal fees representing post-accounting services was a provident exercise of the court's discretion (*cf. Matter of Piterniak*, 38 AD3d 780, 781 [2007]; *Matter of Pekofsky v Estate of Cohen*, 259 AD2d 702 [1999]).

However, the surcharge of interest against the amount that Rose distributed to herself without making an equal distribution to the objectant belongs to the objectant, not the estate (*cf.* EPTL 11-2.1 [d] [2]; *Matter of Crea*, 27 NY2d 339, 344 [1971]; *Matter of Schwarz*, 161 Misc 2d 471 [1994]).

The objectant's remaining contentions are without merit. Fisher, J.P., Covello, McCarthy and Leventhal, JJ., concur.