*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 10, 2014                517534
_____

In the Matter of AUDREY
    BONCZYK et al.,
                    Appellants,

        v                              MEMORANDUM AND ORDER

TINA WILLIAMS,
                    Respondent.
_____


Calendar Date:  May 29, 2014

Before:  Peters, P.J., Rose, Egan Jr., Lynch and Devine, JJ.


                    _____


        Parisi, Coan & Saccocio, PLLC, Schenectady (Gerald F.
Parisi of counsel), for appellants.


                    _____


Lynch, J.

        Appeal from an order of the Supreme Court (Reilly Jr., J.),
entered November 27, 2012 in Schenectady County, which, in a
proceeding pursuant to General Obligations Law § 5-1510,
partially denied petitioners' motion for a declaration that a
fiduciary and confidential relationship existed between
respondent and Antoinette Bonczyk.

        In November 2004, Antoinette Bonczyk, the parties' mother
(hereinafter decedent), executed a durable power of attorney
designating respondent as her attorney-in-fact.  In June 2010,
petitioners commenced this special proceeding pursuant to General
Obligations Law § 5-1510 (2) (e) seeking judicial approval of the
receipts, disbursements and transactions entered into by
respondent on behalf of decedent.  After Supreme Court determined
that petitioners had standing to commence this special
proceeding, it ordered respondent to produce records of the

transactions that she made as decedent's attorney-in-fact. Decedent passed away on October 29, 2011. In May 2012, petitioners sought an order determining, as a matter of law, that "based on the facts and law presented . . . a confidential and fiduciary relationship" existed between respondent and decedent. The court denied the motion as to the issue of a confidential relationship without prejudice to renewal at trial, finding that it could not be resolved "at this early juncture."[1] Petitioners appeal and we affirm.

Ordinarily, petitioners would bear the burden of proving that the transactions between respondent and decedent were affected by respondent's undue influence (see Matter of Connelly, 193 AD2d 602, 602 [1993], lv denied 82 NY2d 656 [1993]; Feiden v Feiden, 151 AD2d 889, 891 [1989]). Where there is a confidential relationship between parties to a transaction, however, "the burden [shifts] to the stronger party in such a relationship to prove by clear and convincing evidence that a transaction from which . . . he or she benefitted was not occasioned by undue influence" (Matter of Graeve, 113 AD3d 983, 984 [2014]; see Oakes v Muka, 69 AD3d 1139, 1141 [2010], appeal dismissed 15 NY3d 867 [2010]). A confidential relationship is one that is "of such a character as to render it certain that [the parties] do not deal on terms of equality" (Matter of Gordon v Bialystoker Ctr. & Bikur Cholim, 45 NY2d 692, 698-699 [1978]).[2] Such inequality may occur from either one party's "superior knowledge of the matter derived from a fiduciary relation, or from an overmastering

---

[1] At oral argument, petitioner's counsel confirmed that, during the pendency of this appeal, Supreme Court clarified that, as a matter of law, there was a fiduciary relationship between respondent and decedent.

[2] In Matter of Gordon v Bialystoker Ctr. & Bikur Cholim (45 NY2d at 696), the challenged transactions were made by a nursing home resident who was 85 years old and medical evidence established that, at the time of the transactions, she was "confused, drowsy and at times semicomatose, partially paralyzed, unresponsive and uncooperative, . . . of impaired hearing, . . . not coherent . . . and was not capable herself of understanding."

influence" or from the other's "weakness, dependence, or trust justifiably reposed" on the stronger party (id. at 699; see Matter of Nealon, 104 AD3d 1088, 1089 [2013], affd 22 NY3d 1045 [2014]).

The limited issue presented on this appeal is whether Supreme Court erred when it declined to find, as a matter of law, that there was a confidential relationship between respondent and decedent. The basis for petitioners' claim that such a relationship existed was, in part, the familial relationship between respondent and decedent. A familial relationship, however, is not necessarily a confidential relationship (see Matter of Graeve, 113 AD3d at 984; Matter of Rella, 105 AD3d 607, 607 [2013]; Matter of Nealon, 104 AD3d at 1089; Matter of Antoinette, 238 AD2d 762, 764 [1997]). Importantly, the existence of a confidential relationship is ordinarily a factual determination based upon "evidence of other facts or circumstances showing inequality or controlling influence" (Matter of Nealon, 104 AD3d at 1089 [internal quotations marks and citation omitted]). To this end, petitioners also point to decedent's poor health and need for continuous care in respondent's home, and to respondent's role as decedent's attorney-in-fact.

In support of their motion, petitioners presented to Supreme Court excerpts of testimony by decedent and respondent at their respective examinations before trial. The submissions established that after she suffered a fall while living independently, decedent moved into respondent's home in 2009. There, decedent was cared for by respondent and her family and a number of home health aides. According to respondent, from 2009 until her death in 2011, decedent suffered from the progressively worsening effects of her chronic obstructive pulmonary disease, including anxiety and depression. Decedent relied on respondent to cook for her, help with her medications, bathe and dress her, and, over time, to feed her. Respondent also testified that even before decedent moved into her home, she paid decedent's bills and handled her financial affairs as her attorney-in-fact. Decedent's testimony confirmed that she lacked the ability to recall specific details with regard to her income and expenditures and that she relied on respondent to handle her

finances.

We agree with Supreme Court's conclusion that the motion was premature.  Petitioners neither argued nor presented any evidence to support a claim that a confidential relationship influenced decedent's execution of the power of attorney in 2004.  Moreover, a party's use of a power of attorney to pay bills is not necessarily evidence of a confidential relationship (see Matter of Jacobs, 93 AD3d 917, 918 [2012]).  Further, even where there is evidence of one party's complete dependence on the other as a result of physical limitations, the relationship may not be unequal as a matter of law if, at the time of the challenged transactions, the physically weaker party remained able to exercise free will (see Matter of Nealon, 104 AD3d at 1089).  Here, petitioners rely on an unsworn medical record purportedly evincing a dementia diagnosis in September 2010 and respondent testified that decedent was diagnosed with dementia in August 2011.  The unsworn record is not sufficient proof (see Thomas v Laustrup, 21 AD3d 688, 690 [2005]), and such diagnosis does not establish that decedent lacked capacity to make decisions (see Matter of Nealon, 57 AD3d 1325, 1327 [2008]).  Without evidence that respondent was controlling decedent's financial decisions, her health status, alone, does not establish a confidential relationship (see id. at 1089; Feiden v Feiden, 151 AD2d at 891; compare Oakes v Muka, 69 AD3d at 1140 [testimony at trial established that, in addition to his physical dependence, the decedent was at the time of challenged transactions "not oriented to time or place, suffering from hallucinations and delusional . . . and in a rapidly deteriorating, mental condition"] [internal quotation marks and brackets omitted]).  In our view, as the proof did not establish the nature of the relationship as a matter of law, Supreme Court properly denied petitioners' motion.

Peters, P.J., Rose, Egan Jr. and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court