██ In the Matter of DONALD J. ALBERT, Deceased. PAUL DUNK et al., Respondents; ELIZABETH A. ALBERT, Appellant. [30 NYS3d 121]—

In a probate proceeding in which the co-executors of the estate of Donald J. Albert petitioned for the judicial settlement of their account, the objectant appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Dutchess County (Pagones, S.), dated December 12, 2013, as, upon a second amended decision of the same court dated October 4, 2013, and an order of the same court dated December 12, 2013, denying her motion, inter alia, to vacate the second amended decision, in effect, confirmed so much of an amended report of a referee dated September 19, 2013, made after a hearing, as recommended dismissal of her objection to the accounting based upon the omission of two of the decedent's IRA accounts as estate assets, recommended granting her objection to the estate's payments to an accountant only to the extent of recommending that the accountant be directed to provide itemized statements for services rendered, recommended granting the

applications of the co-executors for awards of legal fees, and recommended denying her application for an award of legal fees.

Ordered that the decree is affirmed insofar as appealed from, with costs.

The co-executors of the decedent's estate petitioned for the judicial settlement of their account. The objectant, the decedent's sister and a one-half residuary beneficiary under the decedent's will, filed numerous objections to the co-executors' accounting. Among other things, she objected to the failure of the accounting to include as estate assets two of the decedent's IRA accounts, valued at approximately $900,000, alleging, inter alia, that the designated beneficiary of the accounts exercised undue influence to obtain the decedent's signature on the beneficiary designation forms or, alternatively, that the signature on one of the beneficiary designation forms was a forgery. The objectant also raised objections to administrative expenses for, among other things, legal and accounting fees.

Pursuant to SCPA 506 (a), the Surrogate's Court appointed a referee to hear and report his findings of fact and conclusions of law regarding the objections. Following a hearing, the referee rendered an amended report dated September 19, 2013, which, inter alia, recommended dismissal of the objection regarding the two IRA accounts. In a second amended decision dated October 4, 2013, the court confirmed the referee's amended report. The objectant moved, inter alia, to vacate the second amended decision, arguing that she was denied due process when the court confirmed the referee's amended report without providing her an opportunity to be heard. The court denied the motion and issued a decree that, in effect, confirmed the referee's amended report.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind that in a close case, the trial judge [or referee] had the advantage of seeing the witnesses and hearing the testimony" (*Matter of Frank A.L. v Vaccarelli*, 117 AD3d 740, 741 [2014] [internal quotation marks omitted]).

A finding of undue influence requires " 'that the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will and desire, but which he was unable to refuse or too weak to resist' " (*Matter*

*of Walther*, 6 NY2d 49, 53 [1959], quoting *Children's Aid Socy. of City of N.Y. v Loveridge*, 70 NY 387, 394 [1877]; *see Matter of Favaloro*, 94 AD3d 989, 992 [2012]). Generally, the burden of proving undue influence rests with the party asserting its existence (*see Matter of Boatwright*, 114 AD3d 856, 858 [2014]; *Hearst v Hearst*, 50 AD3d 959, 962 [2008]; *Matter of Connelly*, 193 AD2d 602, 602-603 [1993]). However, where a confidential relationship is established, the burden shifts to the beneficiary to show that the transaction is fair and free from undue influence (*see Matter of Boatwright*, 114 AD3d at 858; *Hearst v Hearst*, 50 AD3d at 962; *Matter of Connelly*, 193 AD2d at 602-603; *see also Matter of Gordon v Bialystoker Ctr. & Bikur Cholim*, 45 NY2d 692, 699 [1978]). In order to demonstrate the existence of a confidential relationship, there must be evidence of circumstances that demonstrate inequality or a controlling influence (*see Matter of Bonczyk v Williams*, 119 AD3d 1124, 1126 [2014]; *Matter of Graeve*, 113 AD3d 983, 984 [2014]; *Matter of Nealon*, 104 AD3d 1088, 1089 [2013], *affd* 22 NY3d 1045 [2014]).

Here, the objectant presented only conclusory allegations and speculation as to undue influence (*see Matter of Curtis*, 130 AD3d 722 [2015]). Moreover, contrary to the objectant's contention, the evidence was insufficient to establish that a confidential relationship existed between the decedent and the designated beneficiary of the IRA accounts, such that the burden shifted to the co-executors to show that the designations were fair and free from undue influence (*see Matter of Prevratil*, 121 AD3d 137 [2014]; *Matter of Graeve*, 113 AD3d at 984; *Matter of Rella*, 105 AD3d 607 [2013]).

While the objectant additionally contends that no credible evidence established that the decedent signed the beneficiary designation forms at issue, the co-executors offered the testimony of an expert who opined that the signatures on the forms were those of the decedent. Although the objectant offered testimony of an expert who opined that the signature on one of the forms was not that of the decedent, there is no basis in the record to reject the referee's determination regarding the credibility of the expert witnesses and his finding that the objectant failed to establish that the beneficiary designation forms were not signed by the decedent.

Accordingly, the determination of the Surrogate's Court that the two IRA accounts were properly excluded from the estate assets was warranted by the facts, and the court properly dismissed the objection to this exclusion.

The Surrogate's Court remained within its right to determine

all matters both legal and equitable necessary to make an equitable and complete disposition by sustaining the objection to the estate's payments to an accountant only to the extent of directing that the accountant provide itemized statements for services rendered (*see* SCPA 201 [3]; *see also Matter of Hennel*, 133 AD3d 1120 [2015]).

The Surrogate's Court is authorized "to fix and determine the compensation of an attorney for services rendered to a fiduciary or to a devisee, legatee, distributee or any person interested" (SCPA 2110 [1]). Where legal services have been rendered for the benefit of an estate as a whole, resulting in the enlargement of all the shares of all the estate beneficiaries, reasonable compensation should be granted from the funds of the estate (*see Matter of Wallace*, 68 AD3d 679, 680 [2009]; *Matter of Scarsella*, 195 AD2d 513, 516 [1993]; *Matter of Burns*, 126 AD2d 809, 812 [1987]). However, the services rendered must be substantial, directed toward a bona fide issue, and may not be merely nominal in overcoming an obvious erroneous claim by the fiduciary (*see Matter of Scarsella*, 195 AD2d at 516; *Matter of Bellinger*, 55 AD2d 448, 451 [1977]). Here, the Surrogate's Court properly denied the objectant's application for an award of legal fees, as the objectant's attorney did not render substantial service to the estate (*see Matter of Ricca*, 55 AD3d 838 [2008]; *Matter of Scarsella*, 195 AD2d 513 [1993]), and the court properly granted applications for an award of reasonable legal fees rendered on behalf of the co-executors, which were rendered for the benefit of the estate (*see* SCPA 2110 [1]).

The objectant contends that the Surrogate's Court improperly confirmed the referee's amended report, without providing her an opportunity to object, prior to the expiration of the 60-day period set forth in SCPA 506 (4) during which the parties were permitted to move to confirm or reject a referee's report. Contrary to the objectant's contention, the Surrogate's Court properly determined that SCPA 506 (4) permits the court to act on its own initiative and does not provide a time frame for which the court must refrain from confirming or rejecting a report of a referee (*see* SCPA 506 [4]; *cf.* CPLR 4403). Accordingly, the court properly denied the objectant's motion, inter alia, to vacate the second amended decision confirming the referee's amended report.

The objectant's remaining contention need not be reached in light of our determination. Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.