■ MADELON LIEF, as Executrix of LEONARD LIEF, Deceased, Appellant, v EMITA HILL et al., Respondents. [58 NYS3d 455]—

Appeal from a judgment of the Supreme Court, Westchester County (Mary H. Smith, J.), entered January 20, 2015. The judgment, insofar as appealed from, upon an order of that court entered January 13, 2014, granting the defendants' separate motions pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them, made at the close of the plaintiff's case, is in favor of the defendants and against the plaintiff dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

Leonard Lief (hereinafter the decedent), who suffered from Parkinson's Disease, employed the defendant Todd Witkin as his personal trainer and the defendant Frederick Abbabio as his home health aide during the last few years of his life. Additionally, the decedent was involved in an intimate relationship with the defendant Emita Hill. The plaintiff, the decedent's daughter and executrix of his estate, commenced this action against the defendants alleging, inter alia, that they exercised undue influence over the decedent to obtain approximately $96,000 from him.

At the close of the plaintiff's case, each of the defendants separately moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them. In an order entered January 13, 2014, the Supreme Court granted their motions. Thereafter, judgment was entered upon the order, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals from the judgment.

Witkin's contention that the appeal should be dismissed because the plaintiff's brief failed to comply with CPLR 5528 (a) (3) is without merit.

Contrary to the plaintiff's contention, she waived the protection of CPLR 4519 by eliciting testimony from Abbabio regarding specific transactions at issue involving the decedent (*see Matter of Wood*, 52 NY2d 139, 145 [1981]; *Matter of Nealon*,

104 AD3d 1088, 1090 [2013], *affd* 22 NY3d 1045 [2014]; *Matter of Pennino*, 289 AD2d 248, 248 [2001]).

"To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational basis by which the jury could find for the plaintiff against the moving defendant" (*Seitz v TJX Cos., Inc.*, 119 AD3d 669, 670 [2014]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Porcelli v Northern Westchester Hosp. Ctr.*, 110 AD3d 703, 705 [2013]). "In determining whether the defendant has met this burden, a court must accept the plaintiff's evidence as true and accord the plaintiff the benefit of every reasonable inference which can reasonably be drawn from the evidence presented at trial" (*Figueroa v City of New York*, 101 AD3d 674, 675 [2012]; *see Cioffi v Klein*, 131 AD3d 914, 915 [2015]).

Generally, the burden of proving undue influence rests with the party asserting its existence (*see Hearst v Hearst*, 50 AD3d 959, 962 [2008]; *Matter of Connelly*, 193 AD2d 602, 602 [1993]). Where, however, the existence of a confidential relationship is established, the burden shifts to the beneficiary of the transaction to show that the transaction is fair and free from undue influence (*see Matter of Albert*, 137 AD3d 1266, 1268 [2016]; *Matter of Boatwright*, 114 AD3d 856, 858 [2014]; *Matter of Connelly*, 193 AD2d at 603; *see also Matter of Gordon v Bialystoker Ctr. & Bikur Cholim*, 45 NY2d 692, 699 [1978]). "In order to demonstrate the existence of a confidential relationship, there must be evidence of circumstances that demonstrate inequality or a controlling influence" (*Matter of Albert*, 137 AD3d at 1268; *see Matter of Bonczyk v Williams*, 119 AD3d 1124, 1126 [2014]; *Matter of Graeve*, 113 AD3d 983, 984 [2014]; *Matter of Nealon*, 104 AD3d at 1089). Viewing the evidence in a light most favorable to the plaintiff, the plaintiff did not establish, prima facie, that a confidential relationship existed between the decedent and the defendants, so as to shift the burden to them to show that the transactions at issue were fair and free from undue influence (*see Matter of Bonczyk v Williams*, 119 AD3d at 1127; *Matter of Nealon*, 104 AD3d at 1089; *Feiden v Feiden*, 151 AD2d 889, 891 [1989]). As a result, the burden of demonstrating undue influence remained upon the plaintiff. The plaintiff, however, presented no evidence that the defendants actually exercised undue influence (*see Matter of Albert*, 137 AD3d at 1268; *Matter of Prevratil*, 121 AD3d 137, 143-144 [2014]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defend-

ants' separate motions pursuant to CPLR 4401 for judgment as a matter of law and properly dismissed the complaint. Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.