Matter of Heino (2020 NY Slip Op 04838)





Matter of Heino


2020 NY Slip Op 04838


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-03048

[*1]In the Matter of Andre Heino, deceased. Harvey Heino, respondent-appellant; Jay Heino, et al., appellants-respondents. (File No. 4868/99)


Gallet Dreyer & Berkey, LLP, New York, NY (Harvey Schwartz and David L. Berkey of counsel), for appellant-respondent Jay Heino.
The Leyvi Law Group, P.C., Brooklyn, NY (Maksim Leyvi of counsel), for appellant-respondent George Heino.
Katlowitz & Associates, New York, NY (Moshe Katlowitz, Allen Major, and Donald L. Citak of counsel), for respondent-appellant Harvey Heino.



DECISION & ORDER
In a probate proceeding in which Harvey Heino, a co-executor of the estate of Andre Heino, petitioned to judicially settle the account of the estate, the objectants Jay Heino and George Heino separately appeal, and Harvey Heino cross-appeals, from stated portions of a decree of the Surrogate's Court, Kings County (Margarita López Torres, S.), dated January 25, 2017. The decree, upon decisions of the same court dated July 3, 2013, and January 10, 2014, made after a nonjury trial, inter alia, dismissed objections to the failure to include a 17.986% interest in a partnership known as 63 Associates as an asset of the estate and fixed an amount of attorneys' fees payable to the parties' respective counsel from the funds of the estate.
ORDERED that the decree is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the estate of Andre Heino to pay attorneys' fees in the amount of $200,000 to Gallet Dreyer & Berkey, LLP, counsel for Jay Heino, and substituting therefor a provision directing the estate of Andre Heino to pay attorneys' fees in the amount of $100,000 to Gallet Dreyer & Berkey, LLP; as so modified, the decree is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the petitioner payable by the objectants personally.
The decedent, Andre Heino, died on July 26, 1997, survived by his three sons—Harvey Heino (hereinafter the petitioner), Jay Heino, and George Heino. Co-letters testamentary were issued to each of the decedent's sons, and the petitioner thereafter filed an account of the distribution of the assets of the estate. Both Jay and George (hereinafter together the objectants) filed objections to the account. After a nonjury trial, and upon decisions dated July 3, 2013, and January 10, 2014, the Surrogate's Court issued a decree, inter alia, dismissing certain objections and fixing an amount of attorneys' fees payable to the parties' respective counsel from the funds of the estate. The objectants separately appeal, and the petitioner cross-appeals, from stated portions of the decree.
"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render the judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses" (Bolender v Ronin Prop. Partners, LLC, 168 AD3d 1032, 1035; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
We agree with the determination of the Surrogate's Court to dismiss the objections that the petitioner failed to account for the decedent's alleged 17.986% interest in a partnership known as 63 Associates. In support of his contention that the decedent did not own an interest in 63 Associates, the petitioner presented, among other evidence, the partnership agreement, the testimony of the partners and the partnership's accountants, and an estate tax return "Form 706," which was signed by the objectants as co-executors, and which did not identify an interest in 63 Associates as an estate asset. Although the objectants presented a handwritten letter and other documentary evidence suggesting that the decedent owned an interest in the partnership, the court's determination to credit the petitioner's explanation for those documents is supported by the record, and we decline to disturb it.
"Where a surcharge is imposed for a breach of fiduciary duty, it is a matter within the discretion of the trial court whether to award interest upon the surcharge, and at what rate" (Matter of Marsh, 106 AD3d 1009, 1011; see CPLR 5001[a]; Matter of Janes, 90 NY2d 41, 55). Under the circumstances of this case, where the objectants failed to show that the petitioner's limited acts of malfeasance in the administration of the estate were characterized by bad faith or ultimately harmful to the estate, we agree with the determination of the Surrogate's Court to dismiss the objections to the petitioner's payment of only 6%, rather than 9%, interest on the imposed surcharge. Similarly, it was not an improvident exercise of discretion for the court to decline to award interest on specific bequests made to the objectants, despite delayed distribution of those bequests. The court credited the petitioner's explanation that the distributions were not made because the parties had agreed to the equal distribution of the decedent's estate irrespective of the specific bequests set forth in the will (see Matter of Zane, 137 AD3d 926, 927).
The objectants contend that the Surrogate's Court should have granted their objections seeking the revocation of the petitioner's letters testamentary. "The removal of a fiduciary pursuant to SCPA 711 and 719 is equivalent to a judicial nullification of the testator's choice and may only be decreed when the grounds set forth in the relevant statutes have been clearly established" (Matter of Kaufman, 137 AD3d 1034, 1035). Accordingly, "[c]ourts exercise the power of removal sparingly, and only upon a clear showing of serious misconduct that endangers the safety of the estate; not every breach of fiduciary duty will warrant removal of an executor" (Matter of Petrocelli, 307 AD2d 358, 359). Here, the petitioner's limited acts of malfeasance did not rise to the level of serious misconduct that would warrant his removal as co-executor (see id. at 359).
The petitioner, on his cross-appeal, challenges the determination of the Surrogate's Court to fix attorneys' fees payable to counsel for Jay and George from the funds of the estate at $200,000 and $60,000, respectively. The Surrogate's Court is authorized "to fix and determine the compensation of an attorney for services rendered to a fiduciary or to a devisee, legatee, distributee or any person interested" (SCPA 2110 [1]). "Where legal services have been rendered for the benefit of an estate as a whole, resulting in the enlargement of all the shares of all the estate beneficiaries, reasonable compensation should be granted from the funds of the estate" (Matter of Albert, 137 AD3d 1266, 1269). "However, the services rendered must be substantial, directed toward a bona fide issue, and may not be merely nominal in overcoming an obvious erroneous claim by the fiduciary" (id. at 1269). Here, considering the limited nature of Jay's success in benefitting the estate, as well as the lack of merit of many of his objections, the court should have fixed the fees payable to his counsel from the funds of the estate at $100,000. We agree with the court's determination to fix fees payable to George's counsel at $60,000.
The objectants' remaining contentions are without merit.
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court