Henik v Darconte (2020 NY Slip Op 07174)





Henik v Darconte


2020 NY Slip Op 07174


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-05859
 (Index No. 101119/14)

[*1]George J. Henik, et al., appellants,
v
Denise Darconte, respondent.


Kuhn O'Toole & Maietta, LLP (Gyimesi & Wedinger, P.C., Nyack, NY [Laurel A. Wedinger], of counsel), for appellants.
Sipp Law Firm, Staten Island, NY (John Peter Sipp of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and conversion, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated April 4, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff George J. Henik and the defendant, Denise Darconte, are the children of Ann S. Henik (hereinafter the decedent). The decedent died on July 15, 2012, at the age of 90. The plaintiffs thereafter commenced this action against the defendant alleging fraud, conversion, and unjust enrichment, and seeking to impose a constructive trust. The plaintiffs alleged that more than $200,000 held in trust for George by the decedent was withdrawn from the trust accounts and/or transferred so as to benefit the defendant, as a result of the defendant's undue influence. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion. The plaintiffs appeal.
The defendant failed to demonstrate her prima facie entitlement to judgment as a matter of law dismissing the complaint. The defendant's submissions in support of her motion failed to eliminate triable issues of fact as to the extent of the defendant's control over the decedent, and the extent of the decedent's dependence on the defendant for her care, given her physical limitations and dementia diagnosis.
The burden of establishing undue influence rests with the party asserting its existence (see Hearst v Hearst, 50 AD3d 959). In order to prove undue influence, a party must show "that the influence exerted 'amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained [a person] to do that which was against his [or her] free will and desire, but which he [or she] was unable to refuse or too weak to resist'" (Matter of Nurse, 160 AD3d 745, 748 quoting Matter of Walther, 6 NY2d 49, 53; see Matter of Albert, 137 AD3d 1266, 1267).
Where the existence of a confidential relationship is established, the burden shifts to [*2]the beneficiary of the transaction to prove it was fair and free from undue influence (see Matter of Nurse, 160 AD3d at 748). In order to demonstrate the existence of a confidential relationship, there must be evidence of circumstances demonstrating inequality or a controlling influence (see Lief v Hill, 151 AD3d 1047, 1048). The existence of a confidential relationship is ordinarily a factual determination based on evidence of facts and circumstances showing inequality or a controlling influence (see Matter of Bonczyk v Williams, 119 AD3d 1124).
Triable issues of fact exist as to whether a confidential relationship existed at the time of the disputed transactions (see Matter of Greenberg, 34 AD3d 806, 807). The defendant's submissions also failed to eliminate triable issues of fact as to whether the defendant exerted undue influence over the decedent (see Preshaz v Przyziazniuk, 51 AD3d 752, 753).
Moreover, although persons suffering from diseases such as dementia or Alzheimer's are not presumed incompetent, the defendant's submissions, which included transcripts of the deposition testimony of George and the defendant regarding the decedent's dementia and/or Alzheimer's diagnosis and her confusion and forgetfulness during the relevant time period, failed to eliminate triable issues of fact as to the decedent's mental capacity (see Matter of Nurse, 160 AD3d at 747; Preshaz v Przyziazniuk, 51 AD3d at 753; Buckley v Ritchie Knop, Inc., 40 AD3d 794, 795-796). Since the defendant failed to satisfy her prima facie burden, we need not address the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court