Matter of Brody (2022 NY Slip Op 00859)





Matter of Brody


2022 NY Slip Op 00859


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
LARA J. GENOVESI, JJ.


2019-01176
2019-01178

[*1]In the Matter of Beulah Brody, etc., deceased. Merryl K. Katz, petitioner-appellant; Paul E. Brody, et al., respondents-respondents. (Proceeding No. 1)
In the Matter of Beulah Brody, etc., deceased. Paul E. Brody, etc., petitioner-respondent; Merryl K. Katz, respondent-appellant; Farrell Fritz, P.C., nonparty-respondent. (Proceeding No. 2) (File No. 4411/11)


Cohen & Schwartz, LLP, Manhasset, NY (Joel M. Schawartz and Marilyn Q. Anderson of counsel), for Merryl K. Katz, petitioner-appellant in Proceeding No. 1 and respondent-appellant in Proceeding No. 2.
Farrell Fritz, P.C., Uniondale, NY (Frank T. Santoro and Edward D. Baker of counsel), respondent-respondent pro se in Proceeding No. 1 and nonparty-respondent pro se in Proceeding No. 2, and for Paul E. Brody, respondent-respondent in Proceeding No. 1 and petitioner-respondent in Proceeding No. 2.



DECISION & ORDER
In two proceedings pursuant to SCPA 2110 to fix and determine counsel fees, Merryl K. Katz appeals from two orders of the Surrogate's Court, Queens County (Peter J. Kelly, S.), both dated December 10, 2018. The first order denied that branch of the petition of Merryl K. Katz which were to direct the residuary beneficiaries of the decedent's estate to pay their respective shares of the legal fees and expenses incurred by her which resulted in the enrichment of the estate, and, in effect, denied those branches of the petition which were for a determination that all of the legal services performed by Farrell Fritz, P.C., that were related to the decedent's estate were performed solely for the benefit of Paul E. Brody, individually, and that the fees and disbursements related to those services were therefore not chargeable to the decedent's estate, and to direct Farrell Fritz, P.C., to return to the estate any monies paid to it that exceeded the reasonable value of the services rendered by it. The second order, insofar as appealed from, granted the petition of Paul E. Brody to the extent of awarding Farrell Fritz, P.C., legal fees in the amount of $155,000 for legal services rendered to Paul E. Brody, as executor of the decedent's estate, to be paid from the assets of the decedent's estate.
ORDERED that the first order is affirmed; and it is further,
ORDERED that the second order is affirmed insofar as appealed from; and it is [*2]further,
ORDERED that one bill of costs is awarded to Paul E. Brody and Farrell Fritz, P.C.
Following protracted litigation regarding the estate of Beulah Brody, Merryl K. Katz commenced a proceeding pursuant to SCPA 2110 seeking, inter alia, a determination that all of the legal services performed by Farrell Fritz, P.C. (hereinafter Farrell Fritz), the attorneys for the executor of the estate, Paul E. Brody (hereinafter Brody), that were related to the estate were performed solely for the benefit of Brody, individually, rather than as executor, and that the fees and disbursements related to those services were therefore not chargeable to the estate. Katz also sought to direct Farrell Fritz to return to the estate any monies paid to it that exceeded the reasonable value of the services rendered by it. Katz further sought to direct the residuary beneficiaries of the estate to pay their respective shares of the legal fees and expenses incurred by her which resulted in the enrichment of the estate. Brody commenced a separate proceeding requesting that the Surrogate's Court fix and approve Farrell Fritz's legal fees of $171,761.75 and authorizing him to pay the unpaid balance from the decedent's estate.
By two separate orders, both dated December 10, 2018, the Surrogate's Court denied Katz's petition and granted Brody's petition to the extent of awarding Farrell Fritz legal fees in the amount of $155,000 for legal services rendered to Brody, as executor of the decedent's estate, to be paid from the assets of the estate. Katz appeals from both orders.
The Surrogate's Court providently exercised its discretion in denying that branch of Katz's petition which was for a determination that all of the legal services performed by Farrell Fritz that were related to the estate were performed solely for the benefit of Brody, individually, rather than as executor, and that the fees and disbursements related to those services were therefore not chargeable to the estate. The Surrogate's Court is authorized "to fix and determine the compensation of an attorney for services rendered to a fiduciary or to a devisee, legatee, distributee or any person interested" (SCPA 2110[1]; see EPTL 11-1.1[22]). "'Where legal services have been rendered for the benefit of an estate as a whole, resulting in the enlargement of all the shares of all the estate beneficiaries, reasonable compensation should be granted from the funds of the estate'" (Matter of Heino, 186 AD3d 1216, 1219, quoting Matter of Albert, 137 AD3d 1266, 1269). Here, the evidence established that at least some of Farrell Fritz's legal services benefitted the estate as a whole rather than Brody individually. Therefore, Farrell Fritz is entitled to reasonable compensation from the estate funds.
"The determination of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the Surrogate's Court . . . regardless of the terms of a retainer agreement" (Matter of Cincotta, 139 AD3d 1058, 1059 [citations and internal quotation marks omitted]; see Matter of Linder, 153 AD3d 1343, 1345). "The Surrogate is in the best position to assess the factors essential to fix an attorney's fee" (Matter of Linder, 153 AD3d at 1345 [internal quotation marks omitted]), "such as time and labor, difficulty of the questions involved, the amount involved, counsel's experience, ability, and reputation, and the customary fee charged for such services" (Matter of Cincotta, 139 AD3d at 1059; see Matter of Gluck, 279 AD2d 575, 576). Here, the Surrogate properly considered the relevant factors, and Katz failed to demonstrate that the compensation awarded by the Surrogate for Farrell Fritz's legal services was not reasonable. Therefore, the Surrogate's determination was a provident exercise of discretion.
In light of our determination, Katz's remaining contention, which is contingent upon her otherwise succeeding on this appeal, is without merit.
BARROS, J.P., BRATHWAITE NELSON, CHAMBERS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court