Matter of Cheryl LaBella Hoppenstein 2005 Trust (2025 NY Slip Op 05808)

Matter of Cheryl LaBella Hoppenstein 2005 Trust

2025 NY Slip Op 05808

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2022-04020

[*1]In the Matter of Cheryl LaBella Hoppenstein 2005 Trust, etc. Joel D. Hoppenstein, etc., respondent; Cheryl Hoppenstein, et al., appellants. (File No. 1468/11) Andrew M. La Bella, Scarsdale, NY, for appellants.

Schlesinger Lazetera & Auchincloss LLP, New York, NY (Ross Katz of counsel), for respondent.

DECISION & ORDER
In a proceeding to judicially settle a trustee's final account of a trust, Cheryl Hoppenstein, Yitzchak Hoppenstein, Yonatan Hoppenstein, Aryeh Hoppenstein, Yara Hoppenstein, and Adina Hoppenstein appeal from a decree of the Surrogate's Court, Westchester County (Helen M. Blackwood, S.), dated April 25, 2022. The decree, insofar as appealed from, upon an order of the same court dated November 17, 2020, granting those branches of the separate motions of Joel D. Hoppenstein and of Ava Hoppenstein Shore and Charles Hoppenstein which were to quash certain subpoenas served by Cheryl Hoppenstein, Yitzchak Hoppenstein, Yonatan Hoppenstein, Aryeh Hoppenstein, Yara Hoppenstein, and Adina Hoppenstein, and upon a decision of the same court dated February 1, 2022, made after a nonjury trial, dismissed certain objections to the account and judicially settled the trustee's final account.
ORDERED that the decree is affirmed insofar as appealed from, with costs.
The Cheryl LaBella Hoppenstein 2005 Trust (hereinafter the trust) was established by Reuben Hoppenstein (hereinafter the grantor) for the benefit of his oldest child, Cheryl Hoppenstein, and her five children, Yitzchak Hoppenstein, Yonatan Hoppenstein, Aryeh Hoppenstein, Yara Hoppenstein, and Adina Hoppenstein (hereinafter collectively with Cheryl Hoppenstein, the objectants). The grantor died in 2015. Abraham Solomon Hoppenstein (hereinafter the trustee), who was the grantor's brother, served as the trustee of the trust until November 24, 2013.
In 2006, the trustee and the grantor executed a trust instrument that created a grantor retained annuity trust, the Cheryl LaBella Hoppenstein 2006 GRAT (hereinafter the GRAT). In 2008, the trustee made a loan of $251,534 from the trust to the GRAT to make an annuity payment to the grantor in exchange for an unsecured promissory note. According to the trustee, the GRAT's sole asset was a 9.375% interest in Taka Amachaya, N.V. (hereinafter Taka), a Netherlands Antilles company, which was then believed to be a significantly appreciating investment. When the GRAT terminated, the trust received the Taka interest in partial repayment of the promissory note. At that time, the value of the Taka interest was less than the value of the promissory note. Additionally, in [*2]2012, the trustee permitted the grantor to reacquire a 12.5% membership interest in Ohavta, LLC (hereinafter Ohavta), in exchange for $723,000.
In 2014, the trustee, who subsequently died and was substituted by Joel D. Hoppenstein, commenced this proceeding to judicially settle his final account as the trustee of the trust. The objectants filed eight objections to the account. The Surrogate's Court thereafter awarded summary judgment dismissing three of the objections. The remaining objections were based upon the $251,534 loan to the GRAT, the trustee's failure to receive equivalent value for transferring the trust's interest in Ohavta to the grantor, the inventory value set forth in Schedule A of the account, the amount of legal fees sought in the account, and the trustee's request for a commission. After a note of issue and certificate of readiness for trial was filed, the objectants served 14 trial subpoenas ad testificandum and duces tecum upon, among others, Joel D. Hoppenstein, Ava Hoppenstein Shore, the grantor's daughter, and Charles Hoppenstein, the grantor's son, as well as various nonparty entities in which they had an interest. Joel D. Hoppenstein moved, inter alia, to quash the subpoenas, and Ava Hoppenstein Shore and Charles Hoppenstein separately moved, among other things, to quash the subpoenas. In an order dated November 17, 2020, the court granted those branches of the separate motions.
After a nonjury trial, the Surrogate's Court sustained two of the remaining objections to the extent of limiting the trustee's commission and disallowing certain disbursements, otherwise dismissed the remaining objections, and judicially settled the trustee's account. The objectants appeal.
"A subpoena duces tecum may not be used for the purpose of general discovery or to ascertain the existence of evidence. Rather, the purpose of a subpoena duces tecum is to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding" (Capacity Group of NY, LLC v Duni, 186 AD3d 1482, 1483 [citations and internal quotation marks omitted]; see Bottini v Bottini, 164 AD3d 556, 558). Here, the 14 subpoenas served by the objectants, in addition to being overly broad, sought production of certain material that the objectants had failed to seek during the discovery process or that had previously been the subject of an unsuccessful motion to compel disclosure. Under these circumstances, the Surrogate's Court providently exercised its discretion in granting those branches of the separate motions of Joel D. Hoppenstein and of Ava Hoppenstein Shore and Charles Hoppenstein which were to quash the 14 subpoenas (see Bottini v Bottini, 164 AD3d at 559; Wahab v Agris & Brenner, LLC, 106 AD3d 993, 994).
"In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (Matter of Giacobbe, 232 AD3d 790, 790 [internal quotation marks omitted]; see Matter of Berk, 209 AD3d 1014, 1016-1017). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Matter of Berk, 209 AD3d at 1017 [alteration and internal quotation marks omitted]; see Matter of Hersh, 198 AD3d 766, 771).
"In a proceeding to settle a fiduciary's account, the party submitting the account has the burden of proving that he or she has fully accounted for all the assets of the estate" (Matter of Holterbosch, 216 AD3d 783, 784 [internal quotation marks omitted]; see Matter of Elaine Langer Trust, 179 AD3d 1061, 1062). "While the party submitting objections bears the burden of coming forward with evidence to establish that the account is inaccurate or incomplete, upon satisfaction of that showing the accounting party must prove, by a fair preponderance of the evidence, that his or her account is accurate and complete" (Matter of Doman, 110 AD3d 1073, 1074 [internal quotation marks omitted]; see Matter of Holterbosch, 216 AD3d at 784).
Here, the trustee established, prima facie, that the account was accurate and complete by filing the account and a supporting affidavit (see Matter of Holterbosch, 216 AD3d at 784-785; Matter of Rudin, 34 AD3d 371, 372).
The objectants failed to sustain their burden on any of the remaining objections to the extent they were not sustained by the Surrogate's Court. The court's determination that the trustee's decisions to loan $251,534 from the trust to the GRAT and to accept the GRAT's interest in Taka in satisfaction of that loan complied with the Prudent Investor Act (EPTL 11-2.3[b][2]) was warranted by the facts (see Matter of Wellington Trusts [JPMorgan Chase Bank, N.A.—Sarah P.], 165 AD3d 809, 814). Among other things, Joel D. Hoppenstein adduced testimony that obtaining the interest in Taka "seemed to be a very smart investment" at the time.
Moreover, the objectants failed to establish with reasonable certainty that the inventory set forth in Schedule A of the account failed to include additional assets (see Matter of Petrocelli, 307 AD2d 358, 360). The objectants also failed to establish that the trustee did not receive equivalent value for the trust's 12.5% interest in Ohavta. The Surrogate's Court properly credited the testimony of the witnesses of Joel D. Hoppenstein regarding the value of the trust's interest in Ohavta and properly rejected the testimony of the witnesses testifying for the objectants on that subject (see Matter of Hersh, 198 AD3d at 771-772; Matter of Verdeschi, 63 AD3d 1084, 1086).
Contrary to the objectants' contention, the Surrogate's Court's apportionment of the legal fees at issue did not constitute an improvident exercise of discretion. "The Surrogate's Court bears the ultimate responsibility for deciding what constitutes a reasonable attorney's fee" (Matter of Greenfield, 127 AD3d 1189, 1191 [internal quotation marks omitted]; see Matter of Linder, 153 AD3d 1343, 1345). "The Surrogate is in the best position to assess the factors essential to fix an attorney's fee, such as the reasonable value of the time, effort, and skill required and actually expended" (Matter of Linder, 153 AD3d at 1345 [internal quotation marks omitted]; see Matter of Brody, 202 AD3d 781, 782-783). Here, the court properly considered the relevant factors, and the objectants failed to demonstrate that the legal fees awarded were not reasonable (see Matter of Brody, 202 AD3d at 783; Matter of Gluck, 279 AD2d 575, 576).
Finally, contrary to the objectants' contention, the Surrogate's Court providently exercised its discretion in awarding $40,931.30 in commissions pursuant to SCPA 2309. The objectants failed to establish that the trustee engaged in fraud, gross neglect of duty, intentional harm to the trust, sheer indifference to the rights of others, or disloyalty (see Matter of Pavlyak, 139 AD3d 1338, 1340; Matter of Lasdon, 105 AD3d 499, 500).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court