Matter of Castaldo v Mondiello (2026 NY Slip Op 00503)

Matter of Castaldo v Mondiello

2026 NY Slip Op 00503

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-02597
 (Index No. 601885/22)

[*1]In the Matter of Gary Vincent Castaldo, respondent,
vDiana Mondiello, individually and as trustee of the Dorothy Castaldo Irreocable Trust, appellant.

Law Office of David A. Smith, PLLC, Garden City, NY (Ryan Dougherty of counsel), for appellant.
The Linden Law Group, P.C., New York, NY (Jeffrey M. Benjamin of counsel), for respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 77 to set aside a limited power of appointment dated April 16, 2019, Diana Mondiello, individually and as trustee of the Dorothy Castaldo Irrevocable Trust, appeals from an order of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered March 14, 2024. The order, insofar as appealed from, denied that branch of the motion of Diana Mondiello, individually and as trustee of the Dorothy Castaldo Irrevocable Trust, which was for summary judgment dismissing the petition.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of Diana Mondiello, individually and as trustee of the Dorothy Castaldo Irrevocable Trust, which was for summary judgment dismissing the petition is granted.
The petitioner commenced this proceeding against Diana Mondiello, individually and as trustee of the Dorothy Castaldo Irrevocable Trust (hereinafter the trust), inter alia, pursuant to CPLR article 77 to set aside a limited power of appointment dated April 16, 2019 (hereinafter the LPA), executed by Dorothy Castaldo (hereinafter the decedent), alleging that the execution of the LPA failed to comply with the requirements of EPTL 7-1.9 and that the LPA was the product of undue influence on the decedent by Mondiello. Mondiello moved, among other things, for summary judgment dismissing the petition. In an order entered March 14, 2024, the Supreme Court, inter alia, denied that branch of the motion. Mondiello appeals.
"A trust instrument is to be construed as written, and the grantors' intention is to be determined solely from the unambiguous language of the instrument itself" (Matter of Arline J. [James J.—Falasco], 174 AD3d 604, 606). Here, Mondiello established her prima facie entitlement to judgment as a matter of law dismissing the first, second, and third causes of action by demonstrating that the decedent's execution of the LPA reallocated the trust's remainder among a specified class of beneficiaries in accordance with the terms of article six of the trust instrument. Contrary to the petitioner's contention, the decedent's execution of the LPA did not violate EPTL 7-1.9(a), which provides, among other things, that the creator of a trust "may revoke or amend the [*2]whole or any part [of a trust]" upon the written consent of all persons beneficially interested in the trust (see Matter of Perosi v LiGreci, 98 AD3d 230, 234-235; Whitehouse v Gahn, 84 AD3d 949, 951). Under the circumstances, the decedent was not required to obtain the petitioner's consent to amend the percentage of distribution of the trust remainder, inasmuch as the decedent's execution of the LPA was permitted under the express terms of the trust instrument (see Matter of Arline J. [James J.—Falasco], 174 AD3d at 606). In opposition, the petitioner failed to raise a triable issue of fact.
"The burden of establishing undue influence rests with the party asserting its existence" (Henik v Darconte, 189 AD3d 797, 797; see Hearst v Hearst, 50 AD3d 959, 962). "In order to prove undue influence, a party must show that the influence exerted amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained [a person] to do that which was against his [or her] free will and desire, but which he [or she] was unable to refuse or too weak to resist" (Henik v Darconte, 189 AD3d at 797 [internal quotation marks omitted]; see Matter of Walther, 6 NY2d 49, 53).
Here, Mondiello established, prima facie, that the LPA was not the product of undue influence, coercion, or duress. Mondiello demonstrated, inter alia, that the decedent was of sound mind despite her physical infirmities, Mondiello was not present when the decedent executed the LPA in her attorney's office, and the decedent and the petitioner had never had a close relationship. Mondiello further demonstrated that the decedent and the petitioner became estranged in 2018, following the petitioner's requests for information concerning the decedent's assets and the petitioner's commencement of a guardianship proceeding against the decedent, and that the decedent expressed a consistent desire to disinherit the petitioner following the commencement of the guardianship proceeding. In opposition, the petitioner failed to raise a triable issue of fact (see Matter of Cianci, 165 AD3d 655, 657-658; Bazigos v Krukar, 140 AD3d 811, 814).
Accordingly, the Supreme Court should have granted that branch of Mondiello's motion which was for summary judgment dismissing the petition.
The petitioner's remaining contention is without merit.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court