Collins v Denaro
2026 NY Slip Op 03142
May 20, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Joan M. Collins, respondent,
v
Frank . Denaro, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 20, 2026
2021-02805, (Index No. 10732/15)
Mark C. Dillon, J.P.
William G. Ford
Deborah A. Dowling
Susan Quirk, JJ.

A. Cohen Law Firm, P.C., Valley Stream, NY (Avinoam Cohen of counsel), for appellant.
Kohan Law Group, P.C., Manhasset, NY (Michael Kohan of counsel), for respondent.

[*1]
DECISION & ORDER
In an action, inter alia, for a judgment directing the turnover of certain assets alleged to have been diverted by undue influence, the defendant appeals from a judgment of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated March 29, 2021. The judgment, upon the denial of the defendant's oral application pursuant to CPLR 4401, made at the close of the plaintiff's case and, in effect, renewed at the close of the evidence, for judgment as a matter of law dismissing the second amended complaint, upon a jury verdict in favor of the plaintiff and against the defendant, and upon the denial of the defendant's oral application pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the second amended complaint, is in favor of the plaintiff and against the defendant in the total sum of $201,181.19, and further directs the defendant to turn over 50% of the disputed assets to the plaintiff.
ORDERED that the judgment is reversed, on the law, with costs, the defendant's oral application pursuant to CPLR 4401 for judgment as a matter of law dismissing the second amended complaint is granted, and the second amended complaint is dismissed.
In 2005, Nicholas J. Denaro (hereinafter the decedent) named his son, the defendant, as the sole transfer-on-death beneficiary of two brokerage accounts the decedent owned (hereinafter the disputed accounts). In 2013, the two institutions that held the disputed accounts received paperwork, purportedly executed and signed by the decedent, changing the transfer-on-death beneficiary designations to name the decedent's daughter, the plaintiff, and the defendant as equal beneficiaries of the disputed accounts. Approximately two weeks later, the institutions received new paperwork, which again changed the transfer-on-death beneficiary designations to name the defendant as the sole beneficiary. On August 16, 2015, the decedent died at the age of 97. Shortly thereafter, the plaintiff learned that she was no longer a beneficiary of the disputed accounts.
The plaintiff commenced this action alleging, among other things, that the defendant unduly influenced the decedent to change the beneficiary designations on the disputed accounts and to transfer funds to other accounts that the defendant owned or held jointly with the decedent. The action proceeded to a jury trial. At the close of the plaintiff's case, the defendant made an oral application pursuant to CPLR 4401 for judgment as a matter of law dismissing the second amended [*2]complaint, which he, in effect, renewed at the close of the evidence. The Supreme Court denied the defendant's application and submitted the case to the jury. The jury returned a verdict in favor of the plaintiff and against the defendant. The defendant made an oral application pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the second amended complaint, and the court denied that application.
In a judgment dated March 29, 2021, the Supreme Court directed the defendant to turn over 50% of the total assets in the disputed accounts to the plaintiff and awarded the plaintiff the total sum of $201,181.19. The defendant appeals.
"'A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party'" (Matter of Biondo, 215 AD3d 675, 676, quoting Hiotidis v Ramuni, 161 AD3d 955, 956; see Lief v Hill, 151 AD3d 1047, 1048). "In determining whether the defendant has met this burden, a court must accept the plaintiff's evidence as true and accord the plaintiff the benefit of every reasonable inference which can reasonably be drawn from the evidence presented at trial" (Lief v Hill, 151 AD3d at 1048).
"Generally, the burden of proving undue influence rests with the party asserting its existence" (id.; see Matter of Albert, 137 AD3d 1266, 1268). "Where, however, the existence of a confidential relationship is established, the burden shifts to the beneficiary of the transaction to show that the transaction is fair and free from undue influence" (Lief v Hill, 151 AD3d at 1048; see Matter of Albert, 137 AD3d at 1268). "'In order to demonstrate the existence of a confidential relationship, there must be evidence of circumstances that demonstrate inequality or a controlling influence'" (Lief v Hill, 151 AD3d at 1048, quoting Matter of Albert, 137 AD3d at 1268; see Matter of Graeve, 113 AD3d 983, 984-985).
Here, viewing the evidence in the light most favorable to the plaintiff, the plaintiff did not establish that a confidential relationship existed between the decedent and the defendant (see Matter of Graeve, 113 AD3d at 984-985; Feiden v Feiden, 151 AD2d 889, 891). Both parties' testimony indicated that the decedent was alert, strong-willed, and living mostly independently (see Matter of Zirinsky, 43 AD3d 946, 948). Further, while the testimony indicated that the defendant was involved in some aspects of the decedent's finances, no evidence suggested that the defendant exerted control or excluded the decedent from involvement in financial transactions. Thus, there was no valid line of reasoning or permissible inferences on which the jury could conclude that a confidential relationship existed between the decedent and the defendant (see Matter of Graeve, 113 AD3d at 984; see also Matter of Giaquinto, 164 AD3d 1527, 1531).
As a result, the burden of proving undue influence remained upon the plaintiff (see Lief v Hill, 151 AD3d at 1048; Matter of Graeve, 113 AD3d at 984). To demonstrate undue influence "[i]t must be shown that the influence exercised amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the [decedent] to do that which was against his [or her] free will and desire, but which he [or she] was unable to refuse or too weak to resist" (Matter of Walther, 6 NY2d 49, 53 [internal quotation marks omitted]; see Matter of Albert, 137 AD3d at 1267; Matter of Favaloro, 94 AD3d 989, 992). "'Although undue influence may be established through circumstantial evidence, such evidence must be of a substantial nature, and an inference of undue influence cannot be reasonably drawn from circumstances when they are not inconsistent with a contrary inference'" (Matter of Cianci, 165 AD3d 655, 657, quoting Matter of Favaloro, 94 AD3d at 992; see Matter of Walther, 6 NY2d at 54).
Here, the plaintiff presented only conclusory and speculative evidence that the defendant exercised undue influence over the decedent (see Matter of Cianci, 165 AD3d at 657; Matter of Albert, 137 AD3d at 1268). "'[A] mere showing of opportunity and even of a motive to exercise undue influence does not justify a submission of that issue to the jury, unless there is in [*3]addition evidence that such influence was actually utilized'" (Matter of Favaloro, 94 AD3d at 993, quoting Matter of Walther, 6 NY2d at 55; see Matter of Cianci, 165 AD3d at 658).
Accordingly, the Supreme Court should have granted the defendant's oral application pursuant to CPLR 4401 for judgment as a matter of law dismissing the second amended complaint.
In light of our determination, the defendant's remaining contentions need not be addressed.
DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court